GERALD M. McCARTHY *vs.* DEWEY E. DAGGETT.

Essex.    April 3, 1962. — June 25, 1962.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Practice, Civil,* Premature action. *Res Judicata. Contract,* Parties.
  *Equity Pleading and Practice,* Parties.   *Broker,* Commission.

In an action of contract for a commission commenced by a broker against
  a seller of real estate before the passing of papers between the de-
  fendant and the buyer, where there was a verdict for the defendant on
  an express agreement by him in the contract of sale to pay the plaintiff
  a commission "upon the passing of papers" and a verdict for the plain-
  tiff in quantum meruit for services rendered in procuring the buyer,
  there was no merit in a contention by the defendant that the action was
  prematurely brought.   [578–579]
A provision that a seller of real estate would pay a commission to a
  broker, contained in a contract of sale and purchase signed by the broker
  to signify his assent to that provision, did not make the broker and the
  seller "parties in privity with respect to the contract and the . . .
  [seller's] capacity to enter the same."   [580]
In an action by a broker against a seller of real estate to recover for serv-
  ices rendered in procuring the buyer, in which the answer stated that
  "at the time of the alleged employment" of the broker the seller was
  "insane and incapable of entering into any legal and binding agree-
  ment," the seller was not barred from raising that defence by an ad-
  judication, made in a suit in equity by the buyer against the seller
  for specific performance of the contract for sale and purchase of the
  real estate, that the seller was mentally competent when he executed
  that contract.   [579–580]

CONTRACT.    Writ in the Superior Court dated August 19,
1957.

The action was tried before *Noonan, J.*

*John R. Ambrogne (Robert M. Bonin* with him) for the
defendant.

*Frank E. Riley, Jr. (John E. O'Keefe* with him) for the
plaintiff.

WILKINS, C.J.    In *M. DeMatteo Constr. Co.* v. *Daggett,*
341 Mass. 252, which was a bill in equity for specific per-
formance of an agreement by the defendant dated February

7, 1957, to sell a large tract of marshland in Revere and Saugus, there was a decree for the plaintiff. In this action of contract by a real estate broker for a commission on the sale, there are two counts. On the first count, on an express contract to pay the usual broker's commission for procuring a customer, there was a verdict for the defendant. On the second count, on an account annexed for services rendered in procuring a customer, there was a verdict for the plaintiff for $32,500. The defendant's exceptions which we find it necessary to consider are (1) to the allowance of the plaintiff's motion to strike a part of the defendant's answer setting up the defendant's mental incapacity, and (2) to the denial of his motion for a directed verdict. We consider them in inverse order.

1. The one ground upon which the defendant contends his motion for a directed verdict should have been granted is that the action was prematurely brought. The writ in the present action is dated August 19, 1957, ten days later than the filing of the bill in equity. The equity suit was based upon a written contract dated February 7, 1957, between M. DeMatteo Construction Company (DeMatteo) and Daggett. The bill of exceptions in the present action states that the judge at the trial treated count 1 as referring to that contract (exhibit 3), which contained a paragraph reading: "XI. A commission is to be paid upon the passing of papers by the seller to the broker herein, Gerald M. McCarthy of Saugus, Massachusetts, in an amount as agreed upon between the seller and said broker." Following the signatures of the parties at the end appeared the following: "I hereby assent to the provisions of paragraph #11. [Sgd.] Gerald M. McCarthy." Exhibit 3 also provided for the delivery of the deed on May 7, 1957, "unless otherwise agreed upon in writing," but no deed was in fact delivered until August 15, 1960, and then as a result of the final decree in the suit in equity. The defendant nowhere contends that the plaintiff was not the efficient cause of the sale, and there was evidence warranting the jury in finding that he was. See *Fitzpatrick* v. *Gilson,* 176 Mass. 477, 478–

479; *Driscoll* v. *Bunar,* 328 Mass. 398, 400; *MacDonald* v. *Mihalopoulos,* 337 Mass. 260, 262.

The argument as to prematurity of suit is specious. Recovery on count 2 in quantum meruit, accompanied by the verdict for the defendant on count 1, put the express contract out of the case. Its provisions now relied upon fell with it. The provision as to payment "upon the passing of papers," even where applicable, does not necessarily create a condition precedent to payment, but may specify a time beyond which the broker is not to be kept waiting for his commission. See *Alvord* v. *Cook,* 174 Mass. 120, 124; *Rosenthal* v. *Schwartz,* 214 Mass. 371, 373; *Canton* v. *Thomas,* 264 Mass. 457, 459. Compare *Spritz* v. *Brockton Sav. Bank,* 305 Mass. 170, 171; *E. A. Strout Realty Agency, Inc.* v. *Gargan,* 328 Mass. 524, 527.

2. The second paragraph of the defendant's answer set up that "at the time of the alleged employment referred to in the plaintiff's declaration the plaintiff [*sic*] was insane and incapable of entering into any legal and binding agreement, wherefore the defendant owes the plaintiff nothing." See *Lewis* v. *Russell,* 304 Mass. 41, 43. At the trial the plaintiff filed a written motion "to strike paragraph 2 of the defendant's answer setting forth insanity on the part of the defendant, on the ground that this issue was fully tried before the Superior Court and the Supreme Judicial Court and was decided in the case of *M. DeMatteo Construction Co.* v. *Dewey E. Daggett.*" When first presented, the motion was denied, but on the following day it was allowed by the judge.

The plaintiff contends that the defendant is barred from raising the issue of mental incapacity because of "(1) res judicata and (2) the doctrine of collateral estoppel by judgment." This is called "collateral estoppel" in Restatement: Judgments, § 68, comment a. In *Wishnewsky* v. *Saugus,* 325 Mass. 191, 194, cited by the plaintiff, the term used is "estoppel by judgment." We note in passing that there is a question whether the issue in the case at bar is the same as in the *DeMatteo* case. Here the time of em-

ployment as broker is given in the declaration and in the plaintiff's testimony as in November, 1956. The written contract with DeMatteo was dated February 7, 1957. In the *DeMatteo* case the decision was on the written contract. Here the recovery is in quantum meruit.

The fatal flaw in the plaintiff's argument is the assumption that the plaintiff and the defendant "are parties in privity with respect to the contract and the defendant's capacity to enter the same." Paragraph XI does not have that effect. The plaintiff was not a party and could not have insisted on being made a party to the earlier case. He would not have been bound by a determination that Daggett was incompetent and cannot take advantage of a determination that he was competent. *Brigham* v. *Fayerweather,* 140 Mass. 411, 414–415. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 217. *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566, 571. *Cleaveland* v. *Malden Sav. Bank,* 291 Mass. 295, 298. He was not the agent of Daggett. See *Giedrewicz* v. *Donovan,* 277 Mass. 563. He did not control the suit or have a proprietary interest in it. *Pioneer Insulation & Modernizing Corp.* v. *Lynn,* 331 Mass. 560, 563–564.

The plaintiff suggests that the *DeMatteo* case adjudicated the status of the capacity of the defendant to enter into a binding contract, and that that status should stand against the world as in the nature of a proceeding in rem. This we reject. An adjudication of insanity is not conclusive upon all the world as an adjudication of the facts upon which it is grounded. *Brigham* v. *Fayerweather, supra,* 413. *Boston Safe Deposit & Trust Co.* v. *Bacon,* 229 Mass. 585, 589. Freeman, Judgments (5 ed.) §§ 900, 901.

*Exceptions sustained.*