## EUGENE F. MONGEAU vs. ROBERT BOUTELLE.

Worcester. March 13, 1980. — July 11, 1980.

Present: GRANT, GREANEY, & DREBEN, JJ.

*Fraud. Consumer Protection Act. Practice, Civil, Motion to dismiss, Parties, Judgment. Res Judicata.*

Allegations in a complaint that the defendant real estate broker, prior to the plaintiff's execution of a purchase and sale agreement, misinformed the plaintiff as to the acreage of a parcel of land which was the subject of the agreement, failed to disclose that the property was encumbered by a right of way, and induced the plaintiff, by telling him it was a standard form agreement, to sign an agreement which bound the purchaser to take the land subject to all restrictions of record were sufficient to state a claim under G. L. c. 93A, §§ 2 and 9. [247-249]

A prior consent judgment in an action for fraud brought by the purchaser of property against the sellers was not a bar to an action under G. L. c. 93A by the same plaintiff against a real estate broker grounded on fraud and deceptive acts in connection with the same transaction. [249-253]

An action against a real estate broker grounded on fraud and on deceptive acts under G. L. c. 93A, §§ 2 and 9, was not subject to dismissal under Mass.R.Civ.P. 12(b)(7) on the ground that the plaintiff, a purchaser of property, failed to join the sellers. [253-254]

CIVIL ACTION commenced in the Superior Court on December 24, 1976.

The case was heard by *Meagher, J.*, on a motion to dismiss.

*Albert I. Gould* for the plaintiff.
*Douglas J. Rowe* for the defendant.

DREBEN, J. In this action against a real estate broker grounded on common law fraud and on deceptive acts under G. L. c. 93A, §§ 2 and 9,[1] the defendant broker moved to

---

[1] Section 2, inserted by St. 1967, c. 813, § 1, reads in relevant part as follows: "(a) Unfair methods of competition and unfair or deceptive acts

dismiss under Mass.R.Civ.P. 12(b)(6) (failure to state a claim), under 12(b)(7) (failure to join a party under rule 19), and under 12(b)(9) (pendency of a prior action), 365 Mass. 755 (1974). The motion to dismiss, brought after the defendant's answer was filed, claimed, inter alia, that a prior action brought by the plaintiff for fraud against the sellers of the property barred the present action. An affidavit and papers filed in the prior action were appended to the motion to dismiss. A Superior Court judge entered a judgment dismissing the action without stating his reasons. Since material in addition to the pleadings was presented to and not excluded by the judge, we treat the judgment of dismissal in so far as it may have been granted under rule 12(b)(6) as a summary judgment. Mass.R.Civ.P. 56(b), 365 Mass. 824 (1974). See *Brookline* v. *Medical Area Serv. Corp.*, 8 Mass. App. Ct. 243, 245-246 & n.7 (1979). We hold that judgment should not have been entered for the defendant and that the action should not have been dismissed.

Since the defendant's answer, his affidavit and the papers relating to the prior action do not purport to refute the allegations of the complaint, we take those allegations, and all inferences which can be drawn therefrom favorable to the plaintiff, to be true. See *Nader* v. *Citron*, 372 Mass. 96, 98 (1977); *Whitinsville Plaza, Inc.* v. *Kotseas*, 378 Mass. 85, 87 (1979); Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). We summarize the facts as alleged by the plaintiff. Prior to

---

or practices in the conduct of any trade or commerce are hereby declared unlawful."

The pertinent part of § 9(1), as amended by St. 1971, c. 241, provided that: "Any person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive act or practice declared unlawful by section two or by any rule or regulation issued under paragraph (c) of said section two may, as hereinafter provided, bring an action in the superior court . . . ." The provision was later amended. Statute 1978, c. 478, § 45, which amended other portions of paragraph 1, did not change the quoted language. Statute 1979, c. 406, § 1, did effect changes. See note 2, infra.

to the execution of a purchase and sale agreement by the plaintiff as purchaser of a certain parcel of land, the defendant broker misinformed the plaintiff as to the acreage of the parcel and failed to disclose that the property was encumbered by a right of way. The defendant knew or should have known of these facts. He induced the plaintiff, by telling him it was a standard form agreement, to sign an agreement which bound the purchaser to take the land subject to all restrictions of record. When the plaintiff discovered the defects, he refused to proceed with the purchase[2] and forfeited his deposit.

These allegations, contrary to the defendant's contention, are sufficient to state a claim under c. 93A, §§ 2 and 9. An act may be "deceptive" under § 2(*a*) if it "could reasonably be found to have caused a person to act differently from the way he otherwise would have acted." *Purity Supreme, Inc.* v. *Attorney Gen.*, 380 Mass. 762, 777 (1980), quoting from *Lowell Gas Co.* v. *Attorney Gen.*, 377 Mass. 37, 51 (1979). See 20 Code Mass. Reg., Title 940, § 3.16(2) (1978).[3] Failure to disclose a material fact which may influence the buyer is actionable under § 9. *Slaney* v.

---

[2] We assume, without deciding, that a person who enters into a purchase and sale agreement and because of defects in the product refuses to complete the purchase is a person who "purchases" within § 9, as it read prior to the 1979 amendment. See note 1, *supra*. Compare *Murphy* v. *Charlestown Sav. Bank*, 380 Mass. 738, 742-749 (1980).

The term "purchases" was deleted in the 1979 amendment and § 9, paragraph (1), as appearing in St. 1979. c. 406, § 1, now reads in relevant part as follows: "Any person, other than a person entitled to bring action under section eleven of this chapter, who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two or any rule or regulation issued thereunder or any person whose rights are affected by another person violating the provisions of clause (9) of section three of chapter one hundred and seventy-six D may bring an action in the superior court . . . ."

[3] Section 3.16(2) states that an act or practice is a violation of c. 93A, § 2, if "[a]ny person or other legal entity subject to this act fails to disclose to a buyer or prospective buyer any fact, the disclosure of which may have influenced the buyer or prospective buyer not to enter into the transaction." Valid regulations under c. 93A have the force of law. *Purity Supreme, Inc.* v. *Attorney Gen.*, 380 Mass. at 776.

*Westwood Auto, Inc.,* 366 Mass. 688, 702-703 (1975). *Heller* v. *Silverbranch Constr. Corp.,* 376 Mass. 621, 626-627 & n.3 (1978). See *York* v. *Sullivan,* 369 Mass. 157, 159-160, 161-162 (1975). Cf. *Commonwealth* v. *DeCotis,* 366 Mass. 234, 241 n.6 (1974).

The defendant claims, however, that the prior action for fraud brought by the plaintiff against the sellers precludes the present action under c. 93A and for fraud on several grounds: (1) by reason of Mass.R.Civ.P. 12(b)(9), i.e. pendency of a prior action, (2) by reason of the prior judgment for the plaintiff buyer under principles of res judicata, and (3) by reason of the satisfaction of the judgment pursuant to G. L. c. 231B, § 3(e).[4] The defendant also argues that the action should be dismissed because of failure to join a necessary party under Mass.R.Civ.P. 19(a), 365 Mass. 765 (1974). Since judgment had been entered in the prior action before the filing of the motion to dismiss, that action was not then pending and was not a proper ground for dismissal of the action under rule 12(b)(9). See generally *Manufacturers' Bottle Co.* v. *Taylor-Stites Glass Co.,* 208 Mass. 593, 595-596 (1911); Reporters' Notes to Rule 12(b)(9), Mass. Ann. Laws, Rules of Civil and Appellate Procedure at 152 (1974). With regard to the effect of the prior action, we need, therefore, consider only whether either the consent judgment for the buyer in the amount of $2,500 or the satisfaction of that judgment is a bar to the plaintiff's claim.

The prior consent judgment is not a bar to the action under c. 93A. The defendant argues, based on the fact that the prior complaint alleged similar misrepresentations by the sellers with regard to the same parcel of land, that he is in privity with the sellers in the first action and that the previous judgment extinguished the plaintiff's claim. However, the rules of prior adjudication apply to nonparties only

---

[4] General Laws c. 231B, § 3(*e*), inserted by St. 1962, c. 730, § 1, reads "The recovery of a judgment for an injury against one tortfeasor shall not of itself discharge the other tortfeasors from liability for the injury unless the judgment is satisfied. The satisfaction of the judgment shall not impair any right of contribution."

where a person's interest was represented by a party to the prior litigation. See, for example, *Morganelli* v. *Building Inspector of Canton,* 7 Mass. App. Ct. 475, 484-488 (1979). See generally Restatement (Second) of Judgments § 85 (Tent. Draft No. 2, 1975). There has to be a "sufficient legal identity" between the interest of the person allegedly represented and the prior litigant for the later claim to be precluded. *Rudow* v. *Fogel,* 376 Mass. 587, 589 (1978). *Boyd* v. *Jamaica Plain Co-op. Bank,* 7 Mass. App. Ct. 153, 154-155, 157-159 (1979).

A similar claim of privity between a broker and a seller was made in *McCarthy* v. *Daggett,* 344 Mass. 577 (1962), where a real estate broker sued a seller for a commission with respect to a sale. The buyer had, in a previous action, obtained a judgment for specific performance. After the seller claimed in a paragraph of his answer that he had been insane and therefore incapable of entering into a valid contract, the broker moved to strike the paragraph on the ground that the issue of capacity had been litigated in the prior action and that the defendant was precluded from retrying that issue. The Supreme Judicial Court rejected the argument, finding that its "fatal flaw" was the assumption that the broker and the seller were parties in privity with respect to the contract and the seller's capacity. *Id.* at 580. The court pointed out that the broker was not a party and could not have insisted on being a party in the earlier case, that he was not an agent of the seller, and that he had neither controlled nor had a proprietary interest in the previous litigation. Stating that the broker would not have been bound by a determination that the seller was incompetent, the court held that the broker could not take advantage of a determination in the prior proceeding that the seller was competent. Similarly, we think that the broker in the instant case may not take advantage of the prior litigation to preclude trying the c. 93A claim.

In the present case, the broker is, moreover, attempting to stretch the cloak of privity beyond the claim made in *McCarthy* v. *Daggett*, 344 Mass. at 579-580. There, the claim of competency had once been litigated, and the broker sought only to preclude litigation of that one issue. Here, the c. 93A claim against the broker has not been litigated. In fact, the c. 93A claim could not have been raised against the defendants in the prior action, as c. 93A does not afford relief against individual sellers. *Lantner* v. *Carson,* 374 Mass. 606, 611 (1978). See also *Hayes* v. *Solomon,* 597 F.2d 958, 984 (5th Cir. 1979), cert. denied 444 U.S. 1078 (1980). This is not a case where "there has been a judicial inquiry into the subject matter in which the person to be affected by the judgment has had an opportunity either personally or by representative to be heard fully." *McCarthy* v. *William H. Wood Lumber Co.,* 219 Mass. 566, 569 (1914). See *Rudow* v. *Fogel,* 376 Mass. at 591-592. Since the c. 93A claim was not adjudicated, that aspect of the law of prior adjudication referred to as "issue preclusion" is inapplicable. See generally on issue preclusion, Restatement (Second) of Judgments § 68 (Tent. Draft No. 4, 1977).

What the broker must rely upon here, therefore, is the prohibition against claim splitting, or what is sometimes called "claim preclusion." This principle provides that "a valid and final judgment . . . extinguishes . . . all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Restatement (Second) of Judgments § 61(1) (Tent. Draft No. 5, 1978). *Trustees of the Stigmatine Fathers, Inc.* v. *Secretary of Admn. & Fin.,* 369 Mass. 562, 564-567 (1976). *Boyd* v. *Jamaica Plain Co-op. Bank,* 7 Mass. App. Ct. at 164-166.

The argument on the basis of claim preclusion is that the buyer, by failing to join the broker in the first action for the purpose of asserting against him a c. 93A claim, is now barred, even though the c. 93A claim could not have been asserted against the individual sellers in that action. In

order to succeed on this theory, the broker would have to establish not only that there is a "sufficient legal identity" between the interest of the sellers and the broker, *Rudow* v. *Fogel*, 376 Mass. at 589, as discussed above, but also a matter related thereto, namely, that the c. 93A claim is so closely allied with the claims of the previous litigation that a separate action would "split" the claim. We think that the legal identity required for claim preclusion in a multiparty context requires "a very close relationship bordering on a complete identity of interest between the individuals in question." Vestal, Claim Preclusion and Parties in Privity: Sea-Land Servs. v. Gaudet in Perspective, 60 Iowa L. Rev. 973, 976 (1975).[5] The broker has not established that identity here, see *McCarthy* v. *Daggett*, 344 Mass. at 580, and, for this reason, we need not consider whether the c. 93A claim in this case is sufficiently similar to the original claim to be within the scope of the prohibition against claim splitting. See *McCarthy* v. *William H. Wood Lumber, Co.*, 219 Mass. at 567.[6] Accordingly, we hold that the first judgment is not a bar to the bringing of a statutory claim under c. 93A against the broker.

Nor is the satisfaction of the judgment entered in the suit against the sellers a bar to the present action against the broker under c. 93A. Even if we assume that the statutory action is one sounding in tort,[7] and that G. L. c. 231B, § 3(*e*), see note 4, *supra*, means that a satisfaction of a judg-

---

[5] Vestal points out that claim preclusion has more drastic implications than does issue preclusion. While issue preclusion may have a substantial impact, it may not determine the outcome of the second action. "When, however, privity is found in a claim preclusion case, the litigant in the second suit steps into the shoes of the earlier litigant completely. Recovery or loss on the claim by one is recovery or loss by the privy." *Id.* at 976.

[6] We also note that Mass.R.Civ.P. 19 and 20, 365 Mass. 765-766 (1974), did not require the plaintiff to join the broker as a party in the prior action.

[7] But note that c. 93A has been described as creating "new substantive rights" (*Heller* v. *Silverbranch Constr. Corp.*, 376 Mass. 621, 626 [1978]) and providing relief which is "in addition to, and not an alternative to, traditional tort and contract remedies." *Linthicum* v. *Archambault*, 379 Mass. 381, 383 (1979).

ment against one joint tortfeasor discharges all others, compare Restatement (Second) of Judgments § 95 (Tent. Draft No. 3, 1976), the latter statute does not apply here. Since the individual sellers are not subject to a claim under c. 93A, they would not be "jointly liable" with the broker within the meaning of G. L. c. 231B, § 1(*a*),[8] even under an expansive reading of that section. See, *e.g., Hayon* v. *Coca Cola Bottling Co.,* 375 Mass. 644, 649 (1978); Hennessey, Torts: Indemnity and Contribution, 47 Mass. L.Q. 421, 427-428 (1962). Likewise, since the prior judgment covered only the injuries under the common law claim and did not purport to satisfy any additional relief afforded under c. 93A, the provisions of c. 231B, § 3(*e*), do not operate to extinguish that additional claim.[9] Cf. *Selby* v. *Kuhns,* 345 Mass. 600, 608 (1963); *Derby* v. *Prewitt,* 12 N.Y.2d 100, 107 (1962).

Finally, the defendant's argument under rule 12(b)(7) that the case should be dismissed because the plaintiff failed to join an indispensable party, namely, the sellers, under Mass.R.Civ.P. 19(a), 365 Mass. 765 (1974), is also without merit. Even if the sellers are joint tortfeasors with the defendant on the fraud claim, Mass.R.Civ.P. 19(a) does not require that joint tortfeasors be joined in one suit. As the Reporters' Notes to rule 19(a) point out, the rule was not intended to change the common law under which a plaintiff could elect between joining joint tortfeasors in one action or suing them separately. Reporters' Notes to Mass.R.Civ.P. 19(a), Mass. Ann. Laws, Rules of Civil and Appellate Procedure at 354 (1974). See *Proctor* v. *Dillon,* 235 Mass. 538,

---

[8] The relevant part of c. 231B, § 1(*a*), inserted by St. 1962, c. 730, § 1, reads as follows: "Except as otherwise provided in this chapter, where two or more persons become jointly liable in tort for the same injury to person or property, there shall be a right of contribution among them . . . ."

[9] The amount recovered in the prior action will, however, be relevant in computing the plaintiff's actual damages if the defendant's acts were not a wilful or knowing violation of c. 93A, § 2(*a*). See *Linthicum* v. *Archambault,* 379 Mass. at 387-388, where the plaintiff was limited to his actual damages and could not recover under c. 93A the amount he had already been awarded under his breach of contract claim.

549 (1920); *Donnelly* v. *Larkin,* 327 Mass. 287, 296 (1951); *Boston Edison Co.* v. *Tritsch,* 370 Mass. 260, 265 (1976).

Deciding as we do that the plaintiff adequately states a claim under G. L. c. 93A and that the claim is not barred, it is unnecessary to determine whether the fraud count can stand despite the prior judgment against the sellers and the satisfaction of that judgment. *Nader* v. *Citron,* 372 Mass. at 105. Those questions are difficult to determine on the basis of the pleadings and the papers of the prior action alone, because factual inquiries as to whether special circumstances existed so that the defendant was an agent of the sellers (but see *McCarthy* v. *Daggett,* 344 Mass. at 580) and, if so, during what period, may become relevant to the issue whether the defendant was in privity with the sellers for the purpose of res judicata on the fraud claim.[10] Other factual inquiries, such as whether there was successive frauds not identical in their effects, may be relevant in determining the possible application of G. L. c. 231B. See *Selby* v. *Kuhns,* 345 Mass. at 607-608. See also *Bishop* v. *Klein,* 380 Mass. 285, 294-295 (1980). We, therefore, do not decide whether the plaintiff's action for fraud states a claim or is barred by the prior action, and instead leave these issues to be determined in the context of a full factual record.

The judgment is reversed, and the case is remanded to the Superior Court for further proceedings not inconsistent with this opinion.

*So ordered.*

[10] There is no privity between joint tortfeasors because all are jointly and severally liable. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 217, 219 (1909), aff'd 225 U.S. 111 (1912). Chapter 231B, § (e) carries forward that rule and provides that a judgment against one tortfeasor does not discharge the others. See note 4, *supra*.