GUINDON INSURANCE AGENCY, INC. *vs.* COMMERCIAL UNION INSURANCE COMPANY (and a companion case). January 31, 1983. Two actions arising out of the same facts, but launched separately and requesting different relief, resulted in an order and a judgment adverse to Guindon Insurance Agency, Inc. (Guindon), and two appeals, which were consolidated for argument.

Number A.C. 81-1259 appears to be an appeal brought under the second paragraph of G. L. c. 231, § 118. As to that case: (1) The judge could conclude from the record that the plaintiff Guindon had consented to the filing of an answer late, and acted within his discretion in allowing the defendant Commercial Union Insurance Company (Commercial) to file its answer. Mass.R.Civ.P. 6(b)(3), 365 Mass. 747-748 (1974). (2) There was no occasion for the motion judge to recuse himself for the reason, if no other, that the plaintiff never asked him so to do. Neither has Guindon advanced any facts which, by any stretch of the imagination, would have required the judge so to do sua sponte under S.J.C. Rule 3:09, Canon 3(C)(1). (3) Guindon's failure to remit insurance premiums paid to it on policies issued by Commercial provided ample factual and legal basis for the defendant to cancel the plaintiff's agency. Enjoining plaintiff from commingling, converting, and withholding premiums collected on account of Commercial's policies was entirely proper. See G. L. c. 175, § 176; *Commercial* v. *Baker*, 368 Mass. 58, 83 (1975). The injunctive relief granted was consistent with standards articulated in *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 617 (1980), *Westinghouse Bdcst. Co.* v. *New England Patriots Football Club, Inc.*, 10 Mass. App. Ct. 70, 72 (1980).

As to the companion case, No. A.C. 81-1260, the factual context is indistinguishable from that of the first case discussed, except that the complaint in the latter prayed for certain additional relief. At a consolidated hearing involving both actions, the judge correctly dismissed the second

action under Mass.R.Civ.P. 12(b)(9), 365 Mass. at 755. *McCauley* v. *Sons Pharmacy, Inc.*, 3 Mass. App. Ct. 774 (1975). Contrast *Twomey* v. *Board of Appeals of Medford*, 7 Mass. App. Ct. 770, 776 n.11 (1979). See generally Smith & Zobel, Rules Practice § 12.15.1 (1981 Supp.). Everything raised on the second action, to the extent that it was not simply a carbon copy of the first, should have been the subject of a motion to amend the complaint. Casual examination of the docket unmasks as frivolous Guindon's argument that the initial action had been abandoned.

The order for injunctive relief in Norfolk Superior Court No. 134172 is affirmed. The judgment in Norfolk Superior Court No. 134514 is affirmed.

*So ordered.*

*Richard F. Benway* for the plaintiff.
*Robert B. Allensworth* for the defendant.