DAVID A. KEEN *vs.* WESTERN NEW ENGLAND COLLEGE.

Hampden.   October 15, 1986. — October 31, 1986.

Present: GRANT, KASS, & WARNER, JJ.

*Practice, Civil,* Pendency of prior action, Dismissal. *Consumer Protection Act,* Pendency of prior action.

Where a plaintiff had brought an action essentially seeking equitable relief in which summary judgment was entered for the defendant, the plaintiff filed a timely notice of appeal, and the appeal was still pending when the plaintiff brought a second action, based on the same facts as the first, seeking damages and attorney's fees under G. L. c. 93A, §§ 2 and 9, the judge did not err in dismissing the second action pursuant to Mass.R.Civ.P. 12 (b) (9), despite the provisions of G. L. c. 93A, § 9(8). [85-87]

CIVIL ACTION commenced in the Superior Court Department on July 8, 1985.

A motion to dismiss was heard by *John F. Moriarty, J.*

*Lewis A. Whitney, Jr.,* for the plaintiff.
*Paul H. Rothschild* for the defendant.

GRANT, J. In January of 1984 the plaintiff commenced an action in the Superior Court in Hampden County by the filing of a complaint in which he alleged that the defendant had violated his rights as a student in the defendant's law school (1) by refusing to allow him to take a makeup examination in a course which he had failed and (2) by refusing to give him a numerical grade in another course which he had satisfactorily completed. The significant prayers for relief were equitable in nature; the plaintiff wanted the defendant ordered to permit him to take another examination in the first course and ordered to assign him a numerical grade in the second course. The defendant's motion for summary judgment was allowed in April of 1984, and the plaintiff filed a timely notice of appeal

from the ensuing judgment. That appeal is still pending but, for some unexplained reason, has not yet been entered in this court.

In July of 1985 the plaintiff commenced the present action against the defendant in the same court and county. This time the complaint sought damages and attorney's fees under G. L. c. 93A, §§ 2 and 9. The damages were said to flow from the following, among other things: the refusals described in (1) and (2) above, (3) the defendant's refusal to give the plaintiff a higher median grade in a third course, and (4) the emotional distress suffered by the plaintiff as a result of (1) through (3). It is apparent from the face of the present complaint (and it was expressly agreed at argument) that all the operative facts relied on to support the present action had transpired prior to the commencement of the first action.[1] Accordingly, the defendant moved to dismiss the present action under Mass.R.Civ.P. 12(b) (9), 365 Mass. 755 (1974) ("Pendency of a prior action in a court of the Commonwealth"[2]) and on the ground of res judicata.

The motion was allowed after hearing, and the plaintiff appealed again. This time he has entered his appeal in this court. It is clear from the caption and language of the judgment, which were expressly approved by the motion judge under Mass.R.Civ.P. 58(a) (2), 365 Mass. 826 (1974), that the judge acted only under rule 12(b)(9).[3] Accordingly, we pass the

---

[1] The demand letter required by G. L. c. 93A, § 9(3), was not sent until shortly before the commencement of the present action. It was also agreed at argument that such a letter could have been sent and the complaint in the first action amended to include all the present claims prior to the court's ruling on the motion for summary judgment in the first action.

[2] The parties are in agreement that the first action was still "pending" within the meaning of the rule because the appeal from the judgment in the first action was still viable when the second action was commenced. Compare *McCauley* v. *Sons Pharmacy, Inc.,* 3 Mass. App. Ct. 774, 775 (1975); *Massachusetts Bread Co.* v. *Brice,* 13 Mass. App. Ct. 1053, 1054 (1982). Contrast *Twomey* v. *Board of Appeals of Medford,* 7 Mass. App. Ct. 770, 776 n.11 (1979); *Mongeau* v. *Boutelle,* 10 Mass. App. Ct. 246, 249 (1980).

[3] The judge may have confined his consideration to rule 12(b) (9) because res judicata is listed in Mass.R.Civ.P. 8(c), 365 Mass. 750 (1974), as one

arguments advanced by both parties on the question of res judicata, as well as the arguments advanced by the defendant under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974).

This leaves us with only one question to be considered. The plaintiff argues at some length that the dismissal of the present action was precluded by the provisions of G. L. c. 93A, § 9(8), inserted by St. 1973, c. 939.[4] That subsection was enacted by the Legislature in the wake of, and was obviously intended to supersede, the holding of *Gordon* v. *Hardware Mut. Cas. Co.,* 361 Mass. 582 (1972). Whether the subsection was intended to modify the doctrines of res judicata and collateral estoppel is a question expressly left open in *Anderson* v. *Phoenix Inv. Counsel of Boston, Inc.,* 387 Mass. 444, 448-449 (1982).[5] As we have said, no question of res judicata is before us in this case because the present action was dismissed under Mass.R.Civ.P. 12(b) (9). For the same reason, no question of collateral estoppel is before us.

We have examined the legislative history of G. L. c. 93A, § 9(8),[6] and see nothing to suggest that the Legislature in-

---

of the affirmative defenses which is to be set up by answer and is not enumerated in Mass.R.Civ.P. 12(b), 365 Mass. 755 (1974), as one of the defenses which can be raised by motion. But see *Saisi* v. *Trustees of State Colleges,* 6 Mass. App. Ct. 949 (1978); *Boyd* v. *Jamaica Plain Co-op. Bank,* 7 Mass. App. Ct. 153, 157 n.7 (1979); *Dowd* v. *Morin,* 18 Mass. App. Ct. 786, 789 n.9 (1984).

[4] "Except as provided in section ten, recovering or failing to recover an award of damages or other relief in any administrative or judicial proceeding, except proceedings authorized by this section, by any person entitled to bring an action under this section, shall not constitute a bar to, or limitation upon relief authorized by this section."

[5] The question was not adverted to by this court in *Mongeau* v. *Boutelle,* 10 Mass. App. Ct. 246 (1980), or by the Supreme Judicial Court in the later case of *Harker* v. *Holyoke,* 390 Mass. 555 (1983), undoubtedly because (as appears from the original papers) the question was not raised in either case.

[6] See 1973 House Docs. Nos. 2451 and 5599; 1973 Senate Doc. No. 234; 1973 Senate Journal 875, 896, 898; 1973 Senate Doc. No. 1962; 1973 Senate Journal 2526; 1973 House Journal 2989, 3009; St. 1973, c. 939 ("An Act authorizing and regulating certain consumer civil actions and remedies prior to exhausting certain administrative remedies").

tended to modify the salutary and well established rules against claim splitting which are now comprehended within rule 12(b) (9). See, e.g., *Dearden* v. *Hey,* 304 Mass. 659, 661-662, 663-664 (1939); *Louison* v. *Fischman,* 341 Mass. 309, 314 (1960); *Boyd* v. *Jamaica Plain Co-op. Bank,* 7 Mass. App. Ct. 153, 163-165, 166-167 (1979); *Mongeau* v. *Boutelle,* 10 Mass. App. Ct. 246, 251-252 (1980); *Guindon Ins. Agency, Inc.* v. *Commercial Union Ins. Co.,* 15 Mass. App. Ct. 931, 931-932 (1983). We find no abuse of discretion or other error of law in the dismissal of the present action under rule 12(b)(9).

*Judgment affirmed.*