Rose M. Yentile & another[1] vs. Michael Howland.

No. 87-660.

Middlesex.   May 6, 1988. — July 15, 1988.

Present: Grant, Perretta, & Dreben, JJ.

*Practice, Civil,* Failure to raise issue, Pendency of prior action, Dismissal, Damages. *Rule Against Perpetuities. Real Property,* Option.

A judge in the Superior Court correctly dismissed pursuant to Mass.R.Civ. P. 12 (b) (9) an action seeking release from an option agreement on the ground that it violated the rule against perpetuities, where this ground had been available to the plaintiff as a defense in a previous action brought in the Land Court by the optionee, which had culminated in a judgment declaring that the option was in full force and effect and which was on appeal when the Superior Court action was brought; furthermore, the plaintiff's claim in the Superior Court that the optionee was in breach of the option agreement because he had not sought to effect a certain zoning change, a contention which the Land Court judge had found to be premature, was correctly treated by the Superior Court judge in the same manner. [216]

Damages under Mass.R.A.P. 25 and double costs under G. L. c. 211A, § 15, were imposed on a party whose appeal in a proceeding involving the validity of an option agreement to purchase real estate was determined to be frivolous. [216-217]

Civil action commenced in the Superior Court Department on January 7, 1987.

The case was heard by *William H. Welch,* J., on a motion for summary judgment.

*Stephen J. Kuzma* for the plaintiffs.

*Francis K. Toto* for the defendant.

Dreben, J. Claiming that an option given to the defendant Howland in an agreement dated August 20, 1984, violates the rule against perpetuities, the Yentiles, the optionors, sought

---

[1] Joseph G. Yentile.

declaratory relief. In addition, they argued that Howland was in breach of the agreement because he had made no effort to effect a zoning change. A judge of the Superior Court dismissed the action because the plaintiffs had not raised the issue of the rule against perpetuities in a previous action in the Land Court between the same parties involving the same agreement. He also found the claim concerning the alleged failure to effect a zoning change to be premature. We affirm the judgment and, pursuant to Mass.R.A.P. 25, as amended, 376 Mass. 949 (1979), and 378 Mass. 925 (1979), and G. L. c. 211A, § 15, we award Howland $1,500 in counsel fees and double costs. The appeal is frivolous.

The earlier action had been brought in the Land Court by Howland seeking a declaration that the option was lawfully extended and remained in full force and effect until August 20, 1986. The Yentiles' answer alleged that Howland had failed to extend the option in the manner required by the agreement, and they prayed for a judgment that the option had lapsed. Howland's motion for summary judgment was allowed, the Land Court judge ruling on the basis of affidavits and other materials that Howland had validly extended the option. In response to a claim made in Joseph Yentile's affidavit, he also ruled that Howland's failure to act on rezoning matters was not relevant, as Howland had the "full term of the option and any extension thereof [in which] to use his 'best efforts.' "[2] A judgment entered in the Land Court declaring that the option "is extended and shall run in full force and effect for a period of one year from the acceptance by the defendants of plaintiff's valid check . . . ."[3]

---

[2] Exercise of the option is not conditioned on effecting a zoning change. The only clauses of the August 20, 1986, agreement relating to rezoning, other than clause 2 reproduced in note 5, *infra,* were clauses 11 and 13. Clause 11 "authorizes Optionee the right to file a petition for rezoning in the name of the Optionor with the Town of Wilmington in order to rezone the premises for industrial purposes." Clause 13 provides: "The Optionor and Optionee shall use their best efforts to rezone the property for industrial purposes."

[3] The Yentiles appealed from the judgment of the Land Court. The appeal was pending when the present action was filed and when the Superior Court

When the Yentiles filed their present action in the Superior Court, Howland moved to dismiss under Mass.R.Civ.P. 12(b)(6) and (9), 365 Mass. 755 (1974). The allowance of the motion was proper.

The "salutary and well established rules against claim splitting which are now comprehended within rule 12(b)(9)," *Keen v. Western New England College*, 23 Mass. App. Ct. 84, 87 (1986), and cases there cited, preclude the Yentiles from attempting in a pending or subsequent action to undermine the Land Court judgment establishing the validity of the option. They may not raise a claim in the Superior Court which was available as a defense in the Land Court action. See Mass.R. Civ.P. 13(a), as amended, 385 Mass. 1215 (1982) (compulsory counterclaim); *Derderian v. Union Mkt. Natl. Bank*, 326 Mass. 538, 540-541 (1950); Restatement (Second) of Judgments § 22 comment f and illustration 10 (1982). See also 18 Wright & Miller, Federal Practice and Procedure § 4414 (1981).

The remaining contention, that Howland was in breach of the agreement because he did not seek to effect a zoning change, was the same argument that had previously been made in the Land Court and there held to be premature.[4] The judge in the Superior Court correctly treated the claim in the same manner.

For the purposes of the defendant's motion for damages under Mass.R.A.P. 25, as amended, we also look to the plaintiffs' claim on the merits. It has absolutely no basis. A reading of the agreement[5] reveals that the option had to be exercised

_____

judge made his ruling. See *Keen v. Western New England College*, 23 Mass. App. Ct. 84 (1986). Subsequently, this court affirmed the judgment of the Land Court for the reasons stated by the Land Court judge. 24 Mass. App. Ct. 1101 (1987).

[4] The Land Court judge also commented, and with good reason, "The provisions of paragraph 13 would appear to be more for [Howland's] benefit than the [Yentiles']." See note 2, *supra*.

[5] The only clauses which relate to the time within which the option may be exercised are clauses 2 and 3 set forth below:

"2. This option shall remain open for acceptance for a period of one (1) year from the date hereof or for such longer period as herein provided, and within said period, Optionee may elect to exercise this option to purchase said parcel by a notice in writing sent by registered or certified mail addressed to the Optionor at 9 Cross Street, Wilmington, Massachusetts 01887. Said

within a year or within the one-year period of extension. No reasonable construction of the agreement would permit the optionee to extend the time for exercise of the option or delivery of the deed beyond the period of the rule against perpetuities. If the time is unclear, a reasonable period will be applicable. "A reasonable time under these circumstances is certainly much less than twenty-one years." *Childs* v. *Sherman*, 351 Mass. 450, 455 (1966). The rule against perpetuities is not to be interpreted so as to create commercial anomalies and will not be extended to invalidate common business arrangements. "Surely the courts do not seek to invalidate bona fide transactions by the imported application of esoteric legalisms." *Ibid.*, quoting from *Wong* v. *DiGrazia*, 60 Cal. 2d 525, 534 (1963). Litigants who do so in the face of settled law may find the process costly.

The judgment of dismissal is affirmed, together with counsel fees on appeal to the defendant (Mass.R.A.P. 25) of $1,500 and double costs (G. L. c. 211A, § 15).

*So ordered.*

---

notice must also specify a time and place where the deed is to be delivered, which time and place must be no later than thirty (30) days after approval of rezoning by the Town of Wilmington or the giving of said notice electing to exercise this option to purchase.

" 3. The initial one (1) year option shall be extended upon the same terms and conditions for an additional twelve-month period by a notice in writing sent by registered or certified mail addressed to the Optionor and tender to the Optionor of an additional sum of Five Thousand ($5,000.00) Dollars."