CARLE SARGENT & another[1] *vs.* JOHN KOULISAS & another[2]; V.R. BUSINESS BROKERS/BURBANK GROUP, third-party defendant. No. 89-P-66. October 4, 1990. *Fraud. Consumer Protection Act*, Unfair act or practice, Damages.

On March 27, 1985, the plaintiffs, Carle and Elaine Sargent (sellers), sold their pizza business to the defendants, John and Efstathia Koulisas (buyers), for $50,000. The sellers took back a promissory note for $35,000. The third-party defendant, V.R. Business Brokers/Burbank Group (broker), was involved in the sale in its capacity as a broker.

In October, 1985, the sellers brought an action in the District Court against the buyers, claiming that the buyers had failed to pay monies on the promissory note. The buyers, in their answer, claimed that they were fraudulently induced by the sellers into executing all of the sale documents, including the promissory note. The buyers also counterclaimed against the sellers, alleging deceit and violations of G. L. c. 93A, §§ 2(a) and 11. In a third-party complaint, the buyers alleged that the third-party defendant, the broker, falsely induced them to buy the business and failed to disclose the true condition of the business assets in violation of G. L. c. 93A, § 11. The broker, in a counterclaim against the buyers, alleged that their third-party complaint was frivolous and amounted to an abuse of process. In a cross-claim against the sellers, the broker sought

---

[1]Elaine Sargent.
[2]Efstathia Koulisas.

indemnification under a written agreement. The matter was transferred to the Superior Court for trial, where it was heard jury-waived.

The judge found for the sellers on the promissory note in the amount of $19,871.04,[3] but ruled in favor of the buyers against the sellers on the buyers' counterclaim that alleged a violation of c. 93A. He found the buyers' actual damages to be $7,002 and tripled that amount to $21,006 pursuant to G. L. c. 93A, § 11. The judge also awarded attorney's fees to the buyers in the amount of $2,500. He also found for the buyers in their third-party action against the broker in the amount of $7,002. The damages were tripled pursuant to G. L. c. 93A, § 11, to $21,006 and attorney's fees of $2,500 were again awarded to the buyers. On the broker's cross-claim against the sellers, the judge found for the sellers. Both the sellers and the broker have appealed.

1. *The c. 93A claims against the sellers.* The sellers contend that (1) the evidence did not support the judge's finding that they violated c. 93A; and (2) even if they were liable, the judge committed error in assessing the amount of the buyers' actual damages.

a. *The liability of the sellers.* We summarize the facts as found by the judge. In 1979, the sellers purchased a pizza parlor in Clinton. At that time, all of the heavy equipment used in the business, including the oven, stove, and refrigeration units, was deteriorating and in bad condition. One of the sellers, however, was mechanically inclined and they were able to squeeze extra life out of the equipment by constant maintenance and ingenuity.

By 1983, the sellers decided to sell the business and listed it with the broker. The buyers, both Greek immigrants, were interested in purchasing the business. They visited the sellers' place of business in an attempt to inspect the premises. The sellers, however, asked the buyers not to let a key kitchen employee know that the business was for sale. As a result, the buyers did not make a thorough inspection of the kitchen. The sellers did not disclose to the buyers that the equipment required extensive maintenance and, in some instances, replacement. The buyers were also not informed that there was insufficient electrical service to the premises to run the air conditioning equipment or to upgrade the food processing and refrigeration units when necessary. The sellers did represent that they would connect an old air conditioning unit in order to provide necessary air conditioning in the summer months. The sellers also warranted that at the time of the sale, the equipment "will be in working order."

After the buyers purchased the property, they experienced several problems with the equipment. The stove, inner mechanisms of the meat slicer, dough mixer, video units and two primary refrigerator units were wearing out. Condensers in the refrigeration units were so old that they

---

[3]The judge found in favor of the sellers on the buyers' claim of common law fraud and deceit.

would have to be replaced. The constant breaking down of the equipment caused delays in food service and inefficient storage of raw foods requiring refrigeration.

"An act may be 'deceptive' [under c. 93A,] § 2(*a*) if it 'could reasonably be found to have caused a person to act differently from the way he otherwise would have acted.' " *Mongeau* v. *Boutelle*, 10 Mass. App. Ct. 246, 248 (1980), quoting from *Purity Supreme, Inc.* v. *Attorney Gen.*, 380 Mass. 762, 777 (1980). In addition, 940 Code Mass. Regs. § 3.16(2) (1978, unchanged through the present), provides that "a failure to disclose to a buyer or prospective buyer 'any fact, the disclosure of which may have influenced the buyer or prospective buyer not to enter into the transaction' is a violation of c. 93A, § 2." *Homsi* v. *C.H. Babb Co.*, 10 Mass. App. Ct. 474, 479 (1980), quoting from the regulation. Also see *Slaney* v. *Westwood Auto, Inc.*, 366 Mass. 688, 703 (1975); *Heller* v. *Silverbranch Constr. Corp.*, 376 Mass. 621, 626-627, n.3 (1978); *Mongeau* v. *Boutelle, supra.*

Here, the judge concluded that the sellers had committed an unfair or deceptive act within the meaning of c. 93A, § 2, when they failed to disclose to the buyers the condition of the equipment which was vital to the operation of the business. We have reviewed the record and find ample support for the judge's conclusion. Consequently, we affirm the judgment concerning the sellers' general liability.

b. *The amount of actual damages awarded.* The sellers challenge the amount of actual damages that the judge awarded to the buyer. They claim that on a finding of deceit, the law allows either "out of pocket" damages or "benefit of the bargain" damages. The sellers contend that the judge, therefore, committed error when he awarded to the buyers damages in an amount equal to the cost of replacing the old equipment with new equipment. As the award of the cost of new equipment gave the buyers more than they reasonably expected at the time of the sale, there would be merit to the sellers' contentions if common law principles were applicable.

The judge assessed damages, however, on the theory that the sellers violated c. 93A. "Under c. 93A, the [buyers are] entitled to recover for all losses which were the foreseeable consequences of the [sellers'] unfair or deceptive act or practice." *DiMarzo* v. *American Mut. Ins. Co.*, 389 Mass. 85, 101 (1983). Further, "[u]nfair or deceptive acts or practices under G. L. c. 93A, § 2, are not limited by traditional tort and contract law requirements." *Grossman* v. *Waltham Chem. Co.*, 14 Mass. App. Ct. 932, 934 (1982).

Here, there was evidence that the equipment was in such a condition that it could not be repaired, and that replacement equipment, other than new, was not available. Further, the equipment was essential to the operation of the business. No evidence was offered concerning the difference in the value of the business as reasonably warranted and as conveyed, or of the expected useful life of the new equipment. On this record, therefore, it

could reasonably be found that the amount reflected the damages incurred by the buyers, that is, the "direct results of the [sellers'] wrong." *Rice* v. *Price*, 340 Mass. 502, 511 (1960). Therefore, we hold that the judge did not use an improper measure of damages.[4]

2. *The c. 93A claim against the broker.* The judge ruled that the broker was liable under G. L. c. 93A, § 11, for "intentionally fail[ing] to disclose the latent and known defects of the equipment to the [buyers] . . . which, if disclosed, may have influenced the [buyers] not to purchase the [sellers'] pizzeria business and equipment." The broker challenges the findings of the judge and claims that they are not supported by the evidence. We agree.

There is nothing in this record that supports the finding of the judge that the broker knew or should have known of the latent defects. He could not, therefore, have intentionally failed to disclose those defects. We reverse that portion of the judgment finding liability against the broker.

3. *The sellers' claim on the promissory note.* The sellers claim that the judge improperly calculated the damages awarded to them as a result of the buyers' default on the promissory note. They argue that, as a result of the acceleration clause in the note, the damages should have been $35,000, the full amount of the note and not $19,871.04, which represented the back payments due on the note. It appears that the note contains a notice clause requiring the sellers to give notice of default in writing to the buyer in order for the acceleration clause to take effect. There was no evidence before the judge that such notice was given. We, therefore, find no error in the assessment of damages on the promissory note.

The judgment is reversed as to the liability of the broker to the buyers and judgment is to enter for the broker on the buyers' third-party action against it. The judgment is affirmed in all other respects.

*So ordered.*

*James T. McLaughlin* for the plaintiffs.
*David W. Sugarman* for V.R. Business Brokers/Burbank Group.
*James A. Gibbons* for the defendants.

---

[4]The sellers do not question the judge's award of multiple damages.