Fecteau, J.
Plaintiff, Massachusetts Electric Company (“Mass. Electric”), brought this action seeking to recover a debt allegedly owed it by Fruit Sever Associates (“FSA”), a limited partnership, from defendants, Helen Hayeck and Paul Hayeck, the executrix and executor, respectively, of the estate of George N. Hayeck, who was the general partner of FSA. Defendants now move for judgment on the pleadings on the grounds that (1) a prior action involving the same claim is pending in the Commonwealth; (2) Mass. Electric failed to state a claim; (3) claim preclusion bars the instant action; (4) the applicable statute of limitations bars the instant action; and (5) Mass. Electric failed to join George N. Hayeck, a necessary party, in a prior suit. For the following reasons, defendants’ motion for judgment on the pleadings is denied.
BACKGROUND
Mass. Electric provided electricity to FSA from January 1990 through July 4, 1997. On February 25, 1993, Mass. Electric filed suit only against FSA, the limited partnership, in Worcester District Court, case Number 9362CV401 (“1993 suit”), claiming that FSA owed it money for electricity services rendered. (Defendants’ Exhibit A.) On April 7, 1995, the District Court entered judgment in favor of FSA. (Defendants’ Exhibit B.) Mass. Electric appealed that decision to the Appellate Division, which, on October 3, 1997, vacated the judgment and ordered a new trial. Case Number 95WAD012. (Plaintiffs Exhibit B.) On October 23, 1997, FSA appealed the Appellate Division’s decision to the Massachusetts Appeals Court, Case Number 97-P-2253.[3] On June 19, 1998, the Appeals Court dismissed FSA’s appeal as interlocutory and ordered the case remanded to the District Court. (Plaintiffs Exhibit C.)
During the appeal of the 1993 suit, FSA filed a separate action against Mass. Electric in the Worcester Superior Court, Civil Action Number 96-0571 (“1996 suit”), alleging that Mass. Electric failed to assist in the conversion of FSA’s apartment buildings from a central metering system to an individually metered system. Mass. Electric filed a counterclaim for monies allegedly owed, which was dismissed on January 28, 1998, pursuant to Mass.R.Civ.P. 12(b)(9), as the Superior Court found that Mass. Electric was attempting to relitigate the 1993 suit. (Defendants’ Exhibit C.)
Mass. Electric filed the instant action on March 5, 1998, seeking to recover the debt owed by the partnership from the estate of George N. Hayeck, the general partner, who died on July 4, 1997.[4]
DISCUSSION
1. Pendency of Prior Action in the Commonwealth
Defendants contend that Mass. Electric’s claim against the estate is the same claim as that brought in the 1993 suit against FSA and, thus, should have been raised in the 1993 suit.[5] Defendants further argue that FSA and George Hayeck have sufficient legal identity such that Mass. Electric cannot now split the same claim for the same damages in two different proceedings in the Commonwealth. Mass. Electric responds that FSA and George Hayeck are two distinct entities and cannot be considered to have sufficient identity under the claim splitting doctrine.
Mass.R.Civ.P. 12(b)(9) allows a party to move for dismissal where a prior action is pending in the Commonwealth between the same two parties. See Dearden v. Hey, 304 Mass. 659, 661 (1939); Yentile v. Howland, 26 Mass.App.Ct. 214, 216 (1988). The issues in the two cases must also be the same. See Dearden, 304 Mass. 659, Yentile, 26 Mass.App.Ct. 214. The rationale behind such a rule is that a single cause of action cannot be split and made the basis of several proceedings. See Dearden, 304 Mass. at 661 (requiring plaintiff to allege all damages, such as personal and property, in one proceeding as all the damages arose from a single tortious act); Yentile, 26 Mass.App.Ct. at 216 (prohibiting claim splitting and, thus, plaintiffs’ attempt in a pending or subsequent action to undermine a Land Court judgment by raising a claim in Superior Court which was available as a defense in the Land Court action).
Here, the 1993 suit is still pending as it has been remanded to the District Court for a new trial. Mass. Electric, in both the 1993 suit and the instant action, seeks to recover monies allegedly owed for electricity services rendered. In the 1993 suit, Mass. Electric seeks to obtain such relief from FSA, the limited partnership; whereas, in the instant action, it seeks relief from the estate of the general partner, George Hayeck. Although the issue in both the 1993 and the present lawsuits is the same, a question remains as to whether FSA and George Hayeck are considered to be the same party for purposes of Mass.R.Civ.P. 12(b)(9).
Whether Rule 12(b)(9) and the cases discussing that Rule require the parties to have “a very close relationship bordering on a complete identity of interest,” *505 Mongeau v. Boutelle, 10 Mass.App.Ct. 246, 252 (1980), quoting Vestal, Claim Preclusion and Parties in Privity: Sea-Land Servs. v. Gaudet in Perspective, 60 Iowa L. Rev. 973, 976 (1976), as contended by plaintiff, or only "sufficient legal identity,” Mongeau, 10 Mass.App.Ct. at 252, as contended by defendants, is irrelevant as a general partner and a limited partnership are considered separate legal entities. Fusco v. Rocky Mountain I Investments Limited Partnership, 42 Mass.App.Ct. 441 (1997), rev. denied 425 Mass. 1105. See also Seybolt v. Bio-Energy of Lincoln, Inc., 38 B.R. 123, 127 (Bankr. D.Mass. 1984). A plaintiff may sue a general partner and a limited partnership in one action or in separate actions as they are severally, not jointly liable. Fusco, 42 Mass.App.Ct. at 450 n.21 (1997) (stating that a general partner, like an indorser of a note, is secondarily liable to the limited partnership, who is primarily liable, and that “(t]he liability of the party primarily liable and the liability of the party secondarily liable is several, not joint”). Mass. Electric “could have brought a single action joining [FSA and George Hayeck] in one suit, or it could have brought successive suits, or it could have brought suit against [George Hayeck] in [his] capacity as general partner.” Id. Moreover, Fusco holds that a limited partnership can be sued directly in its own name without joining the general partner. Fusco, 42 Mass.App.Ct. at 444-48 (contrasting a general partnership — specifically that a plaintiff must join all general partners in one suit in order to sue a general partnership).
Accordingly, since George Hayeck and FSA are considered separate legal entities and, thus, do not have “sufficient legal identity,” see Mongeau, 10 Mass.App.Ct. at 252, this action is not precluded by Mass.R.Civ.P. 12(b)(9).
2.Failure to State a Claim
Defendants allege that FSA has never been found to be liable: and, thus, Mass. Electric’s claim to recover FSA’s debt from defendants is based on a nonexistent liability for which the estate cannot be responsible. Additionally, defendants argue that George Hayeck’s death on July 4, 1997 precludes him from being responsible for the debts of FSA as his death terminated his status as general partner.
It is true that George Hayeck ceased to be the general partner of FSA upon his death. G.L.c. 109, §23(6)(i). However, up until his death on July 4, 1997, he was the general partner and can be held liable for those debts which accrued prior to that date. See G.L.c. 109, §24; Fusco, 42 Mass.App.Ct. at 450 (the general partner is liable for the unpaid debts of the limited partnership). Defendants have failed to cite any authority to the contrary.
In addition, when evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any reasonable inferences which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 455 U.S. 41, 45-46 (1957).
Here, Mass. Electric has alleged in its complaint that FSA owes money for electrical services provided by Mass. Electric. This allegation must be accepted as true for purposes of reviewing a motion to dismiss based on Rule 12(b)(6). Eyal, 411 Mass, at 429. Therefore, under G.L.c. 109, §24, George Hayeck, and now his estate, can be held liable for the unpaid debts of FSA. Fusco, 42 Mass.App.Ct. at 450. Mass. Electric has thus stated a claim for which relief may be granted.
3.Claim Preclusion
Defendants make the same argument under claim preclusion as they did under Mass.R.Civ.P. 12(b)(9), supra. As discussed above, George Hayeck and FSA are separate legal entities who do not have “sufficient legal identity”; and, thus, claim preclusion is inapplicable. See Mongeau, 10 Mass.App.Ct. at 252. Moreover, under claim preclusion, a valid and final judgment is required. Mongeau, 10 Mass.App.Ct. at 251 (under claim preclusion, “a valid and final judgment . . . extinguishes ... all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose”), quoting Restatement (Second) of Judgments §61(1) (Tent. Draft No. 5, 1978). As Mass. Electric’s claim for monies owed in the 1993 suit is still pending (on remand to the District Court for a new trial), no “valid and final judgment” exists with which to extinguish that claim. See id. at 252-53.
4.Statute of Limitations
General Laws c. 260, §2 requires that a plaintiff bring a cause of action based on a contract within six years from the date the action accrued. G.L.c. 260, §2. Generally, a cause of action for breach of contract accrues at the time of breach. Barber v. Fox, 36 Mass.App.Ct. 525, 527 (1994). Mass. Electric supplied FSA with electricity from January 1990 through July 4, 1997 for which FSA allegedly failed to pay. Mass. Electric concedes that a portion of the electricity provided falls outside the statute as it was provided more than six years prior to the date Mass. Electric filed the instant action (March 5, 1998). However, the money owed which accrued from March 5, 1992 (six years prior to March 5, 1998) through the present is within the statute of limitations. Therefore, this action as it applies to monies owed from March 5, 1992 through the present is not barred by the statute of limitations.
5.Failure to Join a Party under Rule 19
Rule 19 of the Massachusetts Rules of Civil Procedure provides:
*506 A person ... shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
Here, defendants claim that Mass. Electric’s failure to join George Hayeck in the 1993 suit prohibits Mass. Electric from bringing the instant action against the representatives of George Hayeck’s estate. However, as stated above, limited and general partners are considered different parties, and a plaintiff can choose to join them in one action or sue them separately. See Fusco, 42 Mass.App.Ct. at 450 n.21. See also Mongeau v. Boutelle, 10 Mass.App.Ct. 246. Accordingly, defendants’ Rule 19 argument is without merit.
ORDER
It is hereby ORDERED that defendants’ Motion for Judgment on the Pleadings is DENIED.

On January 20, 1998, Mass. Electric moved to amend its complaint to add the estate of George N. Hayeck (the “estate”) as a party defendant. Mass. Electric later withdrew that motion because, as it claims, the defendants vigorously opposed the motion on the ground that, since the matter was on appeal, the District Court lacked jurisdiction to add the estate as a defendant.

In March 1998, Mass. Electric filed its claim against the estate in the Worcester Probate Court, pursuant to G.L.c. 197, §9, asserting that a suit on the debt had begun within a year after the approval of the bond of the executors of the estate, which occurred on September 5, 1997.

Defendants claim that the same reasoning the Superior Court used to dismiss Mass. Electric’s counterclaim in the 1996 suit should apply here — specifically, that Mass.R.Civ.P. 12(b)(9) prohibits Mass. Electric from attempting to relitigate the 1993 suit.