Burnes, J.
Defendant and third-party plaintiff Southworth-Milton, Inc. (“Southworth-Milton”) has moved for default judgment and assessment of damages against third-party defendant Anthony Mangiacotti(“Mangiacotti”). After hearing, the court orders that default judgment be entered against Mangiacotti in the amount of $24,000.
*510 This case arises out of the conversion by Mangiacotti of a bulldozer which had been purchased by plaintiff Jack Davis, Inc. Mangiacotti converted the bulldozer and sold it. The bulldozer eventually ended up in the hands of Southworth-Milton.
On the motion for summary judgment by Jack Davis, Inc., the court found in favor of Jack Davis, Inc. in the amount of $24,000 against Southworth-Milton. The court also found that Mangiacotti had converted the bulldozer. Southworth-Milton now seeks to recover $24,000 from Mangiacotti. The third-party complaint by Southworth-Milton alleges, in essence, that Mangiacotti misrepresented his title when he placed the bulldozer in the stream of commerce and committed unfair and deceptive acts or practices which resulted in damage to Southworth-Milton.
At the hearing on the motion for default judgment, counsel for Mangiacotti did not object, as he could not, since his client had not appeared or answered, to the entry of judgment against Mangiacotti. Mangiacotti, however, claims that the amount of damages should be limited to the amount he received from his buyer, $14,000, not the amount that Southworth-Milton was ordered to pay to Jack Davis, Inc. Mangiacotti is wrong.
The general rule in tort damages is that one is entitled to be placed in the position he or she would have been in had the wrong not occurred. See, e.g., Nolan & Sartorio, Tort Law, §239 at 404 (1989); Saunders v. Goodman, 8 Mass.App.Ct. 610, 613-17 (1979) (action for deceit entitles plaintiff to “out of pocket losses”); Sarge v. Koulisas, 29 Mass.App.Ct. 956, 958 (1990) (c. 93A damages include all losses which were the foreseeable consequences of the unfair or deceptive act or practice). Furthermore, even if Southworth-Milton’s claim were for conversion, the plaintiff is entitled to the fair market value of the property at the time of the conversion. Clapp v. Haynes, 11 Mass.App.Ct. 895, 897 (1980). The fair market value in this case is fairly established by the invoice which reflects the original price paid by Jack Davis, Inc. in a legitimate transaction. That invoice is in the amount of $24,000 and is dated April 9, 1992. The fact that Mangiacotti received $14,000 for the bulldozer in 1993, when he did not own it in the first place, is not reflective of a fair market value.
CONCLUSION
The motion for default judgment of SouthworthMilton, Inc. is ALLOWED and damages are assessed against the third-party defendant Anthony Mangiacotti in the amount of $24,000.