Toomey, J.
This action stems from the sale of a house by plaintiffs Stephen and Sandralee Turner to defendant Elizabeth Mack. The Turners have brought suit for breach of the purchase and sale agreement and seek to recover fees and costs incurred by them in successfully defending a suit originally brought by Mack for alleged defects in the house. This case is now before the court on Mack’s motion for summary judgment and the Turners’ cross-motion for summary judgment. For the reasons that follow, Mack’s motion is ALLOWED the Turners’ motion is DENIED.
BACKGROUND
On September 9, 1992, the Turners and Mack entered into a purchase and sale agreement whereby Mack agreed to purchase the Turners’ home located at 199 Highland Street in Lunenburg for $105,000. On October 1, 1992, the parties signed an addendum to the original purchase and sale agreement reducing the price of the house to $100,000. The addendum provided that
[i]n consideration for said price reduction, Buyer agrees to accept all responsibility and liability for the repair or replacement of [the chimney and firebox and septic system], as well as other items outlined in the Home Inspection Report, and further agrees to hold both the Sellers and their agents, harmless from any future liability.
On February 3, 1995, Mack filed suit against the Turners in the Superior Court for alleged defects in the house. Mack’s complaint alleged four counts: Count IDeceit; Count IlChapter 93A; Count IIIBreach of Contract; and Count IVBreach of Warranty. The Turners filed an answer and counterclaim. Their counterclaim alleged that Mack purchased the property in an “as is” condition, that Mack’s claims were frivolous and that, as a result of the claims, the Turners had incurred damages including attorneys fees and costs. The Turners asked the court to award them costs, disbursements and attorneys fees.
The case went to trial in September of 1997. At the close of Mack’s case, the court allowed the Turner’s motion for a directed verdict on Count IlChapter 93A and Count IVBreach of Warranty. The remaining counts were submitted to the jury. The verdict slip presented to the jury addressed the remaining counts brought by Mack; the slip did not, however, seek the jury’s determination of the Turners’ counterclaim for damages. The jury found in favor of the Turners on Mack’s surviving claims. Judgment was entered for the Turners on September 24, 1997.
On February 19, 1998, the Turners filed suit in Fitchburg District Court for breach of contract. In that suit, the Turners alleged that Mack breached the purchase and sale agreement by bringing the 1995 suit and thus failing “to hold them harmless from future liability” as provided in the agreement. They sought to recover damages, costs, interest and attorneys fees for having to defend the original house defect suit brought by Mack in Superior Court. On December 31, 1999, the District Court (Locke, J.) entered judgment for Mack.
Pursuant to G.L.c. 231, §97, the Turners now appeal the District Court’s decision to this court. The parties have filed cross-motions for summary judgment.
DISCUSSION
Summary judgment will be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). At bar, the parties are in accord, and this court concurs, that there are no genuine issues of material fact and the case may be decided on summary judgment.
Mack seeks summary judgment on two grounds.[1] First, Mack contends that the instant claim was a compulsory counterclaim which was required to be brought in the original home defects suit and which, therefore, cannot be brought in this action.
Mass.R.Civ.P. 13(a) requires that a pleading “state as a counterclaim any claim for relief the court has power to give which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim . . .” Failure so to counterclaim precludes a defendant from bringing that claim in a subsequent suit. Yentile v. Howland, 26 Mass.App.Ct. 214, 216 (1988). A counterclaim is compulsory, however, only if it “arises out of’ the *378 transaction or occurrence that forms the basis of the plaintiffs claim. Mass.R.Civ.P. 13(a). A counterclaim is deemed to arise out of the same transaction or occurrence as gave birth to the claim if the two demands for relief are “logically related.” United Fruit Co. v. Standard Fruit and Steamship Co., 282 F.Sup. 338, 339 (D.Mass. 1968). Accordingly, Mack contends that, because such a “logical relation]” is presented at bar, the Turners cannot press their instant claim.
The Turners dispute Mack’s contention, maintaining that the two claims arise out of two separate transactions and thus their present claim was not earlier counterclaim-able. They allege that “Mack’s original lawsuit. . . arose out of the alleged condition or representation of the condition of the house which was sold to Mack. [Whereas], [t]he instant Complaint arises out of Mack’s lawsuit against Turner and not as a result of the condition of the house.” The court disagrees with the Turners’ analysis.
Mack’s original claim rested upon the alleged breach by the Turners of the purchase and sales agreement by reason of the condition of the house at the time of purchase. The Turners’ instant claim for damages arises out of Mack’s alleged breach of the same purchase and sale agreement. In their complaint, in fact, the Turners allege that “(d]efendant breached said Purchase and Sale Agreement by failing to hold Plaintiffs harmless from future liability arising out of the condition of the premises.” The Turners cannot now compellingly suggest that the respective claims arise from two separate transactions. The court finds that both claims arise out of the same transaction or occurrence, to wit, the agreement for sale of the house.
The Turners further contend that their claim is not barred as a compulsory counterclaim because it did not mature until judgment entered in their favor in the earlier suit. The contention is unavailing as the Turners’ claim, which springs from the fact that they were compelled to defend the earlier suit, was not outcome dependent. The Turners’ allegation that Mack breached the “hold harmless” provision was, therefore, mature at the time the Turners’ answer to Mack’s suit was served, and there was no reason it could not have been presented then in counterclaim.
Because the court finds that the Turners’ claim is a compulsoiy counterclaim that was required to be brought in Mack’s original house defects suit and that the Turners’ failure so to bring entitles Mack to summary judgment now, the court will not discuss Mack’s alternative theory for summary judgment.
ORDER
For the foregoing reasons, Mack’s motion for summary judgment is ALLOWED; the Turners’ cross-motion for summary judgment is DENIED.

 We need only address Mack’s first ground because our conclusion will resolve the motions.