CHESTER RUDNICKI *vs.* RICHARD I. GOTTLIEB. May 1, 1958. Order dismissing report affirmed. This is an action of tort commenced in the Municipal Court of the City of Boston by a writ returnable on March 30, 1957. On April 2, 1957, the time for filing an answer not having expired, the defendant, ex parte, presented to a judge of that court a motion to extend the time for filing an answer, demurrer or pleas to April 15, 1957. This motion was allowed, the judge indorsing thereon the fact of allowance and his initials. No notice of this motion was given to the plaintiff or his attorney. On April 9, 1957, the defendant filed a demurrer and sent a copy to the plaintiff's attorney. On April 12, 1957, the demurrer was set down for hearing, at which time the plaintiff presented motions to strike the demurrer and to default the defendant. These motions and the demurrer were heard on April 15, 1957. Subsequently the court denied the plaintiff's motions and sustained the defendant's demurrer. A report to the Appellate Division was dismissed and the plaintiff appealed. Plainly there was no error. The judge had the right to permit pleadings to be filed at other times than are provided by the rules, and he could act on the defendant's motion notwithstanding that no notice of the motion had been given to the plaintiff. Rules 2 and 22 of the Municipal Court of the City of Boston (1952). We assume that the judge's initials beneath the word "Allowed" on the motion were of no effect and must be disregarded, but this did not invalidate the allowance of the motion. The word of the entry was none the less effective. No signature of the judge was required. *Fairbanks* v. *Beard*, 247 Mass. 8.

*Halice Korelitz*, for the plaintiff.

No argument nor brief for the defendant.