Dolan, PJ.
This is an action commenced in 1991 in which the plaintiff claims that the defendant owes it for plumbing services performed in 1984. After multiple motions, the court dismissed the action because of plaintiffs failure to comply with the court’s discovery order. Plaintiff now seeks review alleging that the court was in error in dismissing this action and in denying its motion for reconsideration. There is no error.
On February 5,1992, defendant filed his first Dist./Mun. Cts. R. Civ. R, Rule 34 request for production of documents. No documents were produced by plaintiff until the date of a hearing on defendant’s Dist./Mun. Cts. R. Civ. P, Rule 37 motion to compel discovery, when some documents were produced.
Defendant’s second request for production of documents was filed on August 27,1992. It sought the production of plaintiff’s work sheets and cancelled checks reflecting payments allegedly made by plaintiff to subcontractors with respect to the plumbing services. The request for checks had also been included in defendant’s first request for production of documents and had not been produced. On September 9, 1992 at a deposition of George Moody, plaintiff’s principal, Moody stated that the plaintiff had the cancelled checks and would produce them for defendant. However, the checks were not produced, and on December 16, 1992, after a hearing on defendant’s motion to compel production, the court ordered plaintiff to produce the checks within fourteen days.
Plaintiff did not produce the checks within fourteen days, and on January 15, 1993 defendant filed a motion to dismiss for failure of the plaintiff to comply with the court’s December 16,1992 order. That motion was denied on January 27,1993 with the provision that plaintiff was to produce the checks by the following day. The checks were not produced on the following day and, on February 25, 1993, defendant filed a new motion to dismiss. After hearing on March 23,1993, defendant’s motion was denied with the provision that “all documents which the plaintiff failed to produce relative to the court’s December 16,1992 order are excluded as evidence at trial.”
Defendant was dissatisfied with this order because, by its terms, he would not have the opportunity to inspect the checks. Defendant filed a motion to reconsider the March 23,1993 order and, without hearing, on April 8,1993 the court ordered this action dismissed.
We rule that it was not error for the court to invoke the Rule 37 sanction of dismissal in the circumstances of this case. The Appeals Court has stated considerations for the sanction of dismissal. “Entry or, conversely, removal of default judgments has to do with the management of the case and, as such, is committed to the sound discretion of the trial judge. ... We do not consider that discretion abused unless its exercise has been characterized by arbitrary determination, capricious disposition, whimsical thinking, or idiosyncratic choice.... The factors *90 in a particular case can include the relative clarity with which it appears that the judgment was unjust, the relative fault of parties, and the balance to be struck. ... The consideration to be balanced in deciding a default question for failure to make discovery are, on one hand, a concern about giving parties their day in court, and, on the other, not so blunting the rules that they may be ignored ‘with impunity.”’ Greenleaf v. Massachusetts Bay Transportation Authority, 22 Mass. App. Ct. 426, 429-430 (1986).
Plaintiff failed to comply with the provisions of Rule 34 by either permitting the inspection of the requested documents within thirty days, or objecting to the request. The plaintiff also failed to comply with the December 16,1992 order of the court to produce the requested checks, and the January 27,1993 order to produce the checks on the following day. At the hearing on March 23, 1993, the checks were still not produced.
If the checks could not be found it was plaintiffs burden to take an initiative and ask for modification of the discovery order. Greenleaf, supra at 430. Plaintiff offered no evidence that would enable a court to find that this action, brought over six years from the date services were allegedly performed, had merit. Plaintiffs noncompliance was a clear violation of court order and warrants dismissal.
The court committed no error in allowing defendant’s motion to reconsider it without an additional hearing. The hearing on March 23,1993 provided an opportunity to both parties to state their respective positions and argue concerning the appropriate remedy for plaintiff’s failure to comply with a court order. The motion to reconsider offered no new reasons for the dismissal, and did not seek to review any alleged erroneous finding of fact or conclusions of law. It sought only a change in remedy for the plaintiffs failure to comply with a court order.
Plaintiff has offered no reason why the failure of the court to hold a hearing affects its substantial rights and plaintiff has not indicated to this division what, if any, new information or argument would have been offered to the court if a hearing had been held. A new hearing was not required. However, even if a hearing was required, error, if any, by the court in failing to hold such a hearing on defendant’s motion for reconsideration was harmless.
There was no error in the court’s refusal to entertain plaintiff’s motion to reconsider. Where there has been no change of circumstances, a court or judge is not bound to reconsider a case, an issue, or question of fact, once decided. Peterson v. Hopson, 306 Mass. 597, 599 (1940).
Report dismissed.