Beattie, J.
This case involves an action in which the plaintiff seeks to recover damages for personal injuries arising from an automobile accident.
The defendant, in his answer, denied any negligence and raised various affirmative defenses.
During the course of discovery, defendant submitted interrogatories to plaintiff on August 1,1991. Having received no response to this discovery, defendant filed his application for final judgment on June 20,1991, with notice to plaintiff’s counsel. On June 28,1991, the clerk of the district court issued a notice of application under Rule 33 (a). On August 22,1991, defendant, having still received no response to his interrogatories, filed his reapplication for final judgment. On September 6, 1991, judgment by default was entered by the court.
On October 14,1992, plaintiff, represented by successor counsel, filed a motion for relief from judgment entered by the court on September 6, 1991. Defendant opposed the allowance of said motion.
On November 12,1992, the court allowed plaintiff’s motion to vacate judgment.
The issue presented to this court by this draft report is whether the trial court abused its discretion by allowing plaintiff’s motion to vacate judgment filed over one year from the date of entry of judgment.
M.R.C.P., Rule 60(b) provides for relief from final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied... or (6) any other reason justifying relief from the operation of the judgment.
‘The Motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment... “
The only basis for plaintiff’s motion in this case would have to be pursuant to 60 (b) (1), since no other provision of Rule 60 (b) would seem to apply, despite plaintiff’s assertion that his motion is brought under Rule 60 (b) (4) and (6).
There simply is nothing to suggest from either the facts, or the record, that the judgment is void pursuant to Rule 60(b) (4). A judgment is either void or valid. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties or where it acted in a manner inconsistent with due process of law. Nothing in the record of this case indicates that the judgment would be void under those criteria.
Plaintiff further argues that he is entitled to relief pursuant to Rule 60(b) (6) - the so-called “catch all” clause - giving the court ample power to vacate a judgment *185 whenever such action is appropriate to accomplish justice.
However, in order to avail himself of this section, plaintiff must show that his motion is based upon some other reason than those stated in Rule 60(b) (1-5). Plaintiff bases his motion on the fact that previous counsel never received notice of the application or reapplication for final judgment either from defendant’s counsel or from the court. He presents no affidavit from previous counsel to support this contention. In addition, defense counsel emphatically states by way of affidavit in opposition to plaintiffs motion for relief from judgment that he did in fact send notice to plaintiffs previous counsel.
Further, the court docket reflects that notice was sent by the court to plaintiffs previous counsel. Consequently, since the area of mistake, inadvertence and excusable neglect is provided for in 60(b) (1), it cannot be considered under Section 60(b)(6).
It is clear then, that neither of the two subparts relied upon by plaintiffs counsel in his motion for relief are applicable to this case, based on the facts. Hence, the only section which would seem to apply is section 60(b) (1). However, under Rule 60(b) (1), plaintiff is required to submit his motion within one year of the entry of judgment.
Since judgment was entered in this case on September 6, 1991, and plaintiff’s motion for relief was not filed until October 14,1992, this is clearly beyond the year required by Rule 60 (b) (1). Therefore, it was not within the discretion of the motion judge to allow this motion.
Accordingly, the allowance of plaintiff’s motion for relief from judgment is reversed and the case returned to the Westborough District Court with instructions that the clerk enter the following order:
Plaintiff’s motion for relief from judgment denied.