Crimmins, J.
This is an appeal by the defendant, Ralph Henry, Jr., from the denial of his motion to remove default and file a late answer.
This action was brought to collect monies allegedly owed to the plaintiff. Defendant failed to file a timely answer as required by Mass. R. Civ. R, Rule .12(a) and default entered against the defendant on July 9,1996. Defendant filed a motion to vacate the default and file a late answer which was denied after a hearing. Default judgment entered against the defendant on September 23, 1996. Defendant appeals the denial of the motion pursuant to Rule 8C, Dist./Mun. Cts. R. A. D. A We determine there was no error.
The decision on a motion to remove default is in the sound discretion of the trial judge and will not be reversed on appeal unless there is an abuse of discretion. Burger Chef Systems, Inc. v. Servfast of Brockton, Inc., 393 Mass. 287, 289 (1984). Defendant’s only argument for removing the default is that the defendant failed to hire an attorney before the expiration of the period allowed for filing an answer. The failure to hire an attorney promptly, without more, does not present a sufficient excuse to remove a default. Even if the defendant offered an excuse for his failure to hire an attorney, the defendant always has the option of proceeding pro se. The denial of defendant’s motion does not amount to an abuse of discretion.
Appeal dismissed.
So ordered.