Merrigan, J.
The plaintiff, Northborough Engineering, Inc. (Northborough), as successor to Connorstone, Inc., appeals pursuant to Dist./Mun. Cts. R.A.D.A., Rule 8C, from a series of actions in the Westborough District Court whereby the complaint filed by Northborough’s predecessor was dismissed pursuant to District Court Standing Order 1-88.
The relevant prior proceedings are as follows:
Northborough is the successor in interest to Connorstone, Inc. (Connorstone), a Massachusetts business corporation, engaged in the business of land surveying and civil engineering. Sometime in 1989, Basile hired Connorstone to prepare plans for a residential subdivision in Ashland, Massachusetts. Seeking payment for services from Basile, Connorstone filed suit against Basile in the Westborough District Court on December 15,1995. In January 1996, after arranging for the turnover of its business to Northborough, Connorstone filed Chapter 7 Bankruptcy. In October 1996, counsel for the Chapter 7 Trustee filed his appearance in this action in the Westbor-ough District Court and obtained a real estate attachment. On April 22, 1997, the complaint was dismissed and judgment entered pursuant to District Court Standing Order 1-88. During the bankruptcy liquidation of Connorstone, Northborough purchased certain of Connorstone’s assets, including the claim against Basile. North-borough’s transaction was completed in December 1998.
On February 5, 1999, the motion judge allowed substitution of Northborough as a party plaintiff and allowed Northborough’s Ex Parte Motion for Relief from Judgment, which vacated the judgment of dismissal. At the same time, the court granted Northborough’s ex parte request to attach by trustee process the proceeds of the sale of the Ashland parcel in which Basile maintained an interest. This was the same parcel which Connorstone had designed in its subdivision plan over which the original suit was filed. On February 8,1999, Basile and the trustee process Trustee moved to dissolve the trustee process, to dismiss the complaint and for Reconsideration of the Plaintiffs Ex Parte Motion for Relief from Judgment. On March 9, 1999, the Court allowed each of Defendant’s motions, effectively terminating the litigation by reviving the judgment of dismissal.
Northborough claims that the motion judge abused his discretion in allowing the dismissal pursuant to Standing Order 1-88 to be revived.[2] We do not agree.
Although Northborough did not specify the basis of its motion to remove the *55 judgment of dismissal, the grounds admit to none other than the conclusion that Northborough was proceeding on the basis of Rule 60(b)(1) “mistake, inadvertence, surprise or excusable neglect.” Northborough merely asserted in its motion “that on or about April 22,1997, without explanation, the Trustee allowed the case to be dismissed,” and that the interests of justice justify relief. Northborough offered no explanation as to why the dismissal was allowed to stand for 21 months.
If the motion judge construed Northborough’s motion as a Rule 60(b) (1) motion because the grounds asserted sounded in “mistake, inadvertence, surprise or excusable neglect,” then the judge’s actions were not only a proper exercise of discretion, they were required as a matter of law because the motion was filed more than one year after the judgment of dismissal. Moreover, a party may not use Rule 60(b) (6) to assert grounds cognizable under Rule 60(b) (1). Tibbitts v. Wisniewski, 27 Mass. App. Ct. 729 (1989); Barca v. Jankowski, 1994 Mass. App. Div. 184.
On appeal, Northborough argues that the Motion was pursuant to Rule 60(b)(6) which allows relief from judgment after the expiration of one year upon compelling or extraordinary circumstances. “A motion to remove a default is addressed to the sound discretion of the trial judge,” Silkey v. New England Tel. and Tel. Co., 9 Mass. App. Ct. 816 (1980), Atek, Inc. v. Henry, 1999 Mass. App. Div. 26. It was the motion judge who was in a position to consider the arguments for and against removal of the default which included his assessment of the merits of the underlying claims. There is nothing in the record, nor does Northborough point to anything, that reveals any circumstances that show compelling or extraordinary circumstances justifying relief under Rule 60(b) (6). At most, the record shows that the bankruptcy trustee was inattentive to the litigation and neglected to taire appropriate action. Certainly nothing is presented by Northborough that shows that the judge abused his discretion.
The judgment is affirmed.

 The motion judge allowed Basile’s motion for reconsideration of Northbor-ough’s ex parte motion for relief from judgment and Basile’s motion to dismiss the complaint.