RAYMOND C. SOUTHWICK, trustee,[1] vs. PLANNING BOARD OF PLYMOUTH & others.[2]

No. 07-P-251.

Plymouth. December 6, 2007. - July 24, 2008.

Present: COHEN, TRAINOR, & GRAINGER, JJ.

*Practice, Civil,* Relief from judgment. *Judgment,* Relief from judgment. *Subdivision Control,* Approval of plan.

In the circumstances of a civil action challenging a town planning board's decision to approve the defendant landowner's subdivision proposal, the Superior Court judge erred in dismissing the complaint on the assumption that the plaintiff's lack of standing rendered the judgment void for lack of subject matter jurisdiction, where the court's exercise of jurisdiction in the case did not constitute a clear usurpation of power [268-269]; further, the judge abused his discretion in granting relief under Mass.R.Civ.P. 60(b)(3) based on an unintentional misstatement in the plaintiff's affidavit in support of his motion for summary judgment, given the countervailing equities and the public interest at stake [269].

CIVIL ACTION commenced in the Superior Court Department on August 3, 2001.

After review by this court, 65 Mass. App. Ct. 315 (2005), a motion for relief from judgment was heard by *Paul E. Troy,* J., and a motion to alter the memorandum of decision was heard by *David A. McLaughlin,* J.

*Michael S. Mehrmann* for the plaintiff.

*Richard M. Serkey* for Jonathan Wildes.

COHEN, J. This is the second time that this case has been before us. In *Southwick* v. *Planning Bd. of Plymouth,* 65 Mass. App Ct. 315 (2005), we concluded that the plaintiff trustee's ownership of a nearby lot gave him standing to challenge the approval by the planning board of Plymouth (board) of a subdivi-

---

[1]Of the TGS Realty Investment Trust.

[2]Town of Plymouth; Jonathan Wildes; and Second Church of Plymouth.

sion plan for a parcel of land owned by defendant Jonathan Wildes. *Id.* at 319-320. We concluded further that the board's decision must be annulled because the subdivision proposed by Wildes was without the right of access on which it depended. *Id.* at 320.

After the entry of judgment after rescript in the Superior Court, Wildes filed a motion for relief from judgment. The motion was allowed under Mass.R.Civ.P. 60(b)(3), 365 Mass. 828 (1974), which authorizes relief on the ground of fraud, misrepresentation, or other misconduct of an adverse party. Thereafter, a new judgment entered dismissing the plaintiff's complaint and ordering that the decision of the board be affirmed. The plaintiff brings the present appeal from the new judgment.

The relevant background may be summarized as follows. On June 22, 2001, several months prior to the filing of the plaintiff's complaint on August 3, 2001, the town of Plymouth, acting pursuant to G. L. c. 60, § 54, took title to the lot in question on account of unpaid taxes. On September 22, 2003, while the plaintiff's case was pending in the Superior Court, the trust's right of redemption was foreclosed. Later, on December 22, 2004, in connection with the parties' cross motions for summary judgment, the plaintiff submitted an affidavit misstating that the trust continued to own the lot. In ruling on the motion to vacate, the judge found that the plaintiff's misstatement was unintentional,[3] but nevertheless determined that it was inequitable for the plaintiff to retain the benefit of the judgment in his favor, given that he lacked standing and subject matter jurisdiction was implicated.

We conclude that the new judgment must be reversed and the original judgment reinstated for the following reasons: (1) to the extent that the judge's decision may have been based on the assumption that the plaintiff's lack of standing rendered the judgment void for lack of subject matter jurisdiction, this was legal error; (2) to the extent that the decision rested on the judge's determination, under rule 60(b)(3), that it was inequitable for the plaintiff to retain the benefit of the judgment, it was an abuse of discretion to vacate the judgment based solely upon

---

[3]It may be inferred that the judge accepted the plaintiff's explanation that he had no knowledge either that another trustee had failed to pay the taxes owed, or that the town had taken and foreclosed on the property.

the plaintiff's unintentional misrepresentation and without consideration of other factors militating in favor of preserving the judgment.[4]

1. The judge may have been under the impression that the plaintiff's standing remained a live issue at the rule 60(b) stage, as reflected by his observation that the lack of standing was not a mere technical defect in the plaintiff's lawsuit, but rather an issue of subject matter jurisdiction. See *Planning Bd. of Marshfield* v. *Zoning Bd. of Appeals of Pembroke*, 427 Mass. 699, 703 (1998). However, standing is an issue of subject matter jurisdiction only in the sense that it is a criterion that must be met in order for the court to exercise jurisdiction, when the court otherwise is competent to decide the case. See *Sarin* v. *Ochsner*, 48 Mass. App. Ct. 421, 424 (2000). See also *Nickerson* v. *Zoning Bd. of Appeals of Raynham*, 53 Mass. App. Ct. 680, 681 n.2 (2002). Once a court has rendered judgment, and opportunities for appeal have been exhausted, a subsequent showing that the plaintiff did not, in fact, have standing does not mean that the judgment is void and must be vacated; the judgment is immune from postjudgment attack unless the court's exercise of jurisdiction constituted a "clear usurpation of power." *Sarin* v. *Ochsner, supra* at 424, quoting from *Lubben* v. *Selective Serv. Sys.*, 453 F.2d 645, 649 (1st Cir. 1972).

Here, the court undoubtedly was competent to decide the case. See G. L. c. 41, § 81BB (permitting appeals from planning board decisions concerning subdivision plans to be brought in Superior Court or Land Court). Furthermore, until the trust's right of redemption was foreclosed, the plaintiff was entitled to rely upon the trust's interest in the lot as a basis for standing. See *Hanna* v. *Framingham*, 60 Mass. App. Ct. 420, 425 (2004). Thus, even assuming that the plaintiff had no alternative basis for standing,

---

[4]In light of the view we take of the case, we do not address the plaintiff's contention that he had standing to pursue the zoning appeal on alternative grounds, i.e., that as developer of the neighboring subdivision of which the subject lot was a part, the plaintiff's trust remained obligated under a covenant with the town requiring, among other things, that the trust maintain the roads that Wildes sought to use for access to his own subdivision. The judge rejected this contention, concluding that even if such a covenant could serve as the basis for standing, the covenant in question had been superseded by an escrow agreement securing the performance of other obligations, but not the ongoing repair and maintenance of the roads.

there was, at most, an error in the continued exercise of subject matter jurisdiction after September 22, 2003, when the right of redemption was foreclosed, but there was no "clear usurpation of power" by the court. See generally *Harris* v. *Sannella*, 400 Mass. 392, 395 (1987); *O'Dea* v. *J.A.L., Inc.*, 30 Mass. App. Ct. 449, 455 (1991).

2. It is questionable whether the judge had discretion to grant Wildes relief under rule 60(b)(3) on account of an unintentional misrepresentation. See *Gaw* v. *Sappett*, 62 Mass. App. Ct. 405, 411 (2004) (expressing doubt as to applicability of rule 60 [b] [3] in cases not involving culpable misconduct); Reporters' Notes to Mass.R.Civ.P. 60 (b) (3), Mass. Ann. Laws Court Rules, Rules of Civil Procedure, at 1103 (LexisNexis 2007) ("Rule 60 [b] [3] includes any *wrongful* act by which a party obtains a judgment under circumstances which would make it inequitable for him to retain its benefit" [emphasis added]). See also *Pina* v. *McGill Dev. Corp.*, 388 Mass. 159, 165-168 (1983) (upholding denial of rule 60 [b] [3] motion where defendant failed to establish that plaintiff committed perjury or otherwise employed judicial system in unconscionable manner). Regardless, even if we assume that the judge had such discretion, it should not have been exercised to grant relief in these circumstances.

In considering whether equity required that the judgment be vacated, whatever personal benefit the plaintiff may have derived from the case should not have been viewed in isolation.[5] The judge also should have taken into account the countervailing inequity of allowing Wildes to have the benefit of an erroneous board decision permitting him to develop property to which he has no legal right of access, as well as the public interest in not disturbing an adjudication that the board's decision was based on a flawed essential premise and was required to be annulled. See *Southwick* v. *Planning Bd. of Plymouth*, 65 Mass. App. Ct. at 320. When these additional considerations are factored into the analysis, relief under rule 60(b)(3) was not warranted.

---

[5]Although the judge identified no particular benefit to the plaintiff from the preservation of the judgment, we assume that the judge considered the benefit to the plaintiff to be the achievement of his objective of preventing the development of the Wildes subdivision, even though the plaintiff's trust no longer owned the affected lot.

For the foregoing reasons, the judgment of dismissal entered on December 20, 2006, is vacated. The judgment after rescript entered on April 7, 2006, annulling the decision of the planning board of Plymouth approving the subdivision, shall be reinstated.

*So ordered.*