Per Curiam.
This is a Dist./Mun. Cts. R. A. D. A. 8C appeal by defendant Wendy E. Owens (“Owens”) of the denial of her third motion for relief from a default judgment. There was no error.
On June 28,2007, plaintiff Liam C. Floyd (“Floyd”), an attorney in the law firm of Stanzler Levine (“Stanzler Levine”), commenced this action for breach of contract and unjust enrichment to recover unpaid attorney’s fees for legal work he performed on behalf of Owens, defendant Ablemedia, LLC, and others in a superior court action. The return of service filed in the trial court indicates that Owens was served in hand on July 10, 2007, and Owens has admitted receipt of service. Owens failed to file an answer within the twenty-day period prescribed by Mass. R. Civ. R, Rule 12 (a) (1), and a default judgment was entered against her on August 6, 2007.
On August 15,2007, Owens filed a motion “to remove and vacate default judgment and dismiss complaint” on the sole ground that Floyd had no standing to bring this action. In an unsworn memorandum in support of her motion, Owens argued only that the retainer agreement she and Floyd had executed was with the law firm of Stanzler Levine, of which Attorney Floyd was a member, and that Floyd was not entitled to commence this suit in his individual capacity. Floyd filed a written opposition to the motion and a supporting affidavit by Attorney Philip H. Levine (“Levine”), who averred that he had assigned Owens’ unpaid account to Floyd, who was the proper plaintiff in this collection action.[3] After hearing, Owens’ motion was properly denied on October 2, 2007, and execution was issued on October 5, 2007.
Owens’ remedy at that point was to appeal the denial of her motion to vacate to *220 this Appellate Division. Instead, on October 18, 2007, Owens simply filed a second motion to vacate judgment that was virtually identical to her first motion. Requests for relief from judgment must be made promptly, see Kalenderian v. Marden, 46 Mass. App. Ct. 930 (1999), and there is nothing in Rule 60(b) that contemplates or permits serial refilings of the same unavailing motion in the hope that a different judge will at some point grant relief. The only change in Owens’ second motion was her unsubstantiated allegation that Levine’s assignment of her unpaid account to Floyd was not made until after the commencement of this action and, thus, that Floyd had lacked standing at the time he filed this suit. Floyd submitted a second written opposition, with another copy of Levine’s affidavit attached, and argued that Owens had again failed to advance any mistake, inadvertence, or excusable neglect justifying Mass. R. Civ. R, Rule 60(b) (1) relief. After a second full hearing before a second judge, Owens’ second motion to vacate was denied on November 30, 2007.
Clearly undaunted, and continuing to eschew appellate review, Owens simply filed a third motion to vacate the default judgment on December 7,2007. Unsupported by an affidavit, Owens’ third motion purported to be based on “excusable neglect.” Owens claimed that she had retained the law firm of Proskauer Rose (“PR”) to defend her in this action; that PR attempted, unsuccessfully, to confer with Floyd during the twenty-day period in which her answer should have been filed; that Floyd remained unavailable until the day before her answer was due, and then “denied [PR’s] request for an extension without reason”; that a PR attorney informed her the next day that the firm could not represent her because it did not handle malpractice actions against other attorneys; and that she was unable to retain new counsel before the default judgment was entered against her. Floyd responded with a third written opposition, almost identical to that which he had filed against Owens’ first and second motions.
On January 16, 2008, Owens’ third motion to vacate was denied, without hearing, by a third motion judge, who ruled: ‘This issue has already been addressed by this Court. Defendant’s appropriate avenue if it believes that the court has erred in its decision is to appeal it to the Appellate Division of the District Court. No costs assessed against the defendant at this time“ (emphasis in original). Ignoring the implicit threat of sanctions in the court’s order, Owens simply filed a fourth motion to vacate on February 4, 2008. She also filed this appeal.
1. As Owens did not, as noted, appeal the denials of her first and second motions to vacate, those rulings are not before us on this appeal. Before proceeding to Owens’ third motion, however, it is necessary to clarify that Owens’ allegation of Floyd’s lack of standing presented in a motion to vacate judgment did not require the first two motion judges to consider any question of the court’s jurisdiction, or to determine that the default judgment was void for lack of jurisdiction.
Standing is sometimes characterized or treated “as an issue of subject matter jurisdiction,” Ginther v. Commissioner of Ins., 427 Mass. 319, 322 (1998); Statewide Towing Ass’n, Inc. v. City of Lowell, 68 Mass. App. Ct. 791, 794 (2007), particularly in statutory actions against governmental or public entities in which the plaintiff’s status as a person sufficiently or appropriately aggrieved to bring the suit must be determined. Herman v. Admit One, 2008 Mass. App. Div. 125, 126, aff'd, 454 Mass. 611 (2009). More often, standing is simply deemed a “gatekeeping question,” Michaels v. Zoning Bd. of Appeals of Wakefield, 71 Mass. App. Ct. 449, 453 (2008), *221 requiring only a “quasi jurisdictional determination,” Sarin v. Ochsner, 48 Mass. App. Ct. 421, 424 (2000), of those preliminary facts necessary to ensure that the court can proceed with the named parties in an action otherwise within its jurisdiction. A plaintiffs standing is properly challenged by a motion to dismiss pursuant to Mass. R. Civ. R, Rule 12(b) (1) or (6). Ginther, supra at 322, citing Doe v. The Governor, 381 Mass. 702, 705 (1980). A court’s determination of standing may also be challenged on appeal, but it is “immune from attack under rule 60(b).” Sarin, supra at 424. See also Southwick v. Planning Bd. of Plymouth, 72 Mass. App. Ct. 266, 268 (2008).[4]
Owens did not file a Rule 12(b) dismissal motion to raise any issue, properly and timely, of Floyd’s standing. The default entered against her effectively established the truth of the well-pleaded factual allegations of Floyd’s complaint for purposes of liability. Nancy P. v. D ‘Amato, 401 Mass. 516, 519 (1988); Reichenbach v. Financial Freedom Ctrs., Inc., 2006 Mass. App. Div. 10, 11. The complaint for breach of contract and unjust enrichment recited that Owens had failed to pay attorney’s fees for the legal services provided to her by Floyd. No question of standing appeared on the face of the complaint. The default judgment entered against Owens was not subject to attack on the issue of standing by a motion to vacate. See Sarin, supra at 424.
2. While a motion to vacate judgment is addressed to the sound discretion of the motion judge, Pielech v. Massasoit Greyhound, Inc., 47 Mass. App. Ct. 322, 324-325 (1999), the motion must be predicated on a ground for relief cognizable under Rule 60 (b). MacLeod v. Dizazzo, 2001 Mass. App. Div. 128, 129; Massey v. Stop & Shop Cos., 1998 Mass. App. Div. 117, 119 n.2. Thus, a default judgment may be vacated pursuant to Rule 60 (b) (1) only if the moving party demonstrates that the default resulted from some mistake, inadvertence, or neglect that “was excusable and ‘was not due to his own carelessness.’” Murphy v. Administrator of the Div. of Personnel Admin., 377 Mass. 217, 228 (1979), quoting Reporters’ Notes, J.W. Smith & H.B. Zobel, Rules Practice 462 (1977). Owens failed to satisfy her burden of demonstrating that her failure to file an answer and the default that resulted were attributable to some mistake or neglect on her part that was excusable.
First, the third motion judge would have been justified in denying Owens’ Rule 60(b) motion solely for her failure to file an affidavit attesting to her assertions of excusable neglect. New England Allbank for Sav. v. Rouleau, 28 Mass. App. Ct. 135, 140 (1989). Second, even if the judge elected in the absence of the required affidavit to find Owens’ assertions credible, they did not constitute grounds for Rule 60(b) (1) *222 relief. Owens essentially contended that she failed to file an answer due to Floyd’s unavailability for most of the twenty-day answer period, and his refusal to grant Owens an extension of time to file an answer. Floyd, the opposing party in this case who was in China for most of the time in question, was under no obligation to remain available to, or assist, Owens or her attorney in filing a response to his own complaint. Moreover, Floyd was not authorized to extend the time for filing Owens’ answer even if he had been inclined to do so. Parties cannot, with impunity, ignore, flout, or circumvent the Rule 12(a)(1) twenty-day deadline for filing an answer. Evangelidis v. Cuevas, 2008 Mass. App. Div. 88, 90. If an enlargement of time to answer is required, it must be sought by means of a Rule 6(b) motion to the trial court setting forth sufficient good cause, or excusable neglect if the filing time has already expired, to warrant the extension. Old Colony Bank & Trust Co. of Middlesex County v. Tacey Transp. Corp., 10 Mass. App. Ct. 825 (1980). See Rudnicki v. Gottlieb, 337 Mass. 769 (1958). The motion rests entirely within the discretion of the trial court. Croteau v. Swansea Lounge, Inc., 402 Mass. 419, 422423 (1988).[5] Owens could have filed a motion at any time before the entry of a default to obtain additional time to file her answer. She failed to do so.
Owens also complains that her PR attorney refused to proceed without reviewing the matter with Floyd first, and then withdrew from the case because her firm did not handle legal malpractice cases. This is, of course, a collection case, not a legal malpractice action. But even if, as Owens claims, her attorney withdrew from the case and Owens was unable to secure new representation before the Rule 12(a) (1) filing time expired, such claim was insufficient to warrant Rule 60(b) (1) relief. Atek, Inc. v. Henry, 1999 Mass. App. Div. 26. “Even if the defendant offered an excuse for [her] failure to hire an attorney, the defendant always has the option of proceeding pro se.” Id. Owens could, at the very least, have proceeded pro se to file a simple Rule 6(b) motion for additional time. As noted, she did not do so.
Finally, Owens failed to advance any facts demonstrating that she had a meritorious defense to Floyd’s claims. Proof, preferably by affidavit, of the existence of such a defense is an essential requirement for a successful Rule 60(b) (1) motion. Finkel v. Natale Rota, Inc., 19 Mass. App. Ct. 55, 57 (1984). In the absence of Owens’ assertion of a meritorious defense, the denial of her third motion to vacate the default judgment did not constitute an abuse of judicial discretion. See Clamp-All Corp. v. Foresta, 53 Mass. App. Ct. 795, 807 (2002); Tai v. City of Boston, 45 Mass. App. Ct. 220, 222 (1998).
Our conclusion is not affected by Owens’ claim that she was unfairly denied a hearing on her third motion to vacate judgment. If, as Floyd has asserted, Owens argued her inadequate claim of excusable neglect during the first and second hear *223 ings held on her earlier motions, then her third motion for relief from the default judgment was nothing more than a motion for reconsideration. When there has been no change of circumstances and no new evidence, a court is not required even to entertain, much less hold a hearing, on a reconsideration motion. Harmon Plumbing, Inc. v. Jacobs, 1994 Mass. App. Div. 88, 89, citing Peterson v. Hopson, 306 Mass. 597, 599 (1940). But even if Owens asserted excusable neglect for the first time in her third Rule 60(b)(1) motion, we find no prejudicial error in the court’s denial of that motion without a hearing. Owens’ third motion was patently inadequate as a vehicle for relief from judgment, and Owens has not identified any other arguments or claims beyond that motion that she would or could have presented at a third motion hearing.
The denial of the defendant’s third motion to vacate the default judgment is affirmed.
So ordered.

 Levine averred that he operated Stanzler Levine as a sole proprietorship until June, 2007, at which time he organized the law firm as a limited liability company; that Floyd was a member and an agent of the firm at all times; that Floyd had “formed” the contract with Owens and her codefendants to provide their legal representation, and had served as their lead counsel in the superior court action; that the defendants had failed to pay their legal fees; and that he had assigned the account receivable for the unpaid fees to Floyd, who was the holder of the receivable.

 The Appeals Court stated in Southwick-. “The [trial] judge may have been under the impression that the plaintiffs standing remained a live issue at the rule 60(b) stage. ... However, standing is an issue of subject matter jurisdiction only in the sense that it is a criterion that must be met in order for the court to exercise jurisdiction, when the court otherwise is competent to decide the case. Once a court has rendered judgment and opportunities for appeal have been exhausted, a subsequent showing that the plaintiff did not, in fact, have standing does not mean that the judgment is void and must be vacated; the judgment is immune from postjudgment attack unless the court’s exercise of jurisdiction constituted a ‘clear usurpation of power’” (citations omitted). Southwick, supra at 268, quoting Lubben v. Selective Serv. Sys., 453 F.2d 645, 649 (1st Cir. 1972).

 A party may, as a courtesy, assent to his opponent’s motion for an extension, and such assent may even constitute a factor in a judge’s allowance of the motion. See Guindon Ins. Agency v. Commercial Union Ins. Co., 15 Mass. App. Ct. 931 (1983). What might be phrased as a plaintiff’s grant of an extension of time to the defendant to file an answer, see, e.g., Xarras v. McLaughlin, 66 Mass. App. Ct. 799, 802 (2006), can, at best, constitute only the plaintiff’s agreement, as a courtesy, to refrain from requesting a default against the defendant during the extended period in question.