Welch, J.
The plaintiff, CJ/Queen Annes Gate Apartments (“Queen Annes”), has appealed the amount of attorney’s fees awarded to the defendant, Debra Anderson (“Anderson”). Queen Annes argues that the trial court abused its discretion by deviating from established case law in the calculation and award of legal fees, in assessing a fee amount that is punitive in nature, and in denying Queen Annes’ motion for reconsideration of that excessive award.
The record indicates that on February 8, 2010, Queen Annes filed this summary process action to recover both possession of the premises located at One Dennis Ryan Parkway, Quincy, and $2,140.00 in unpaid rent. Anderson denied owing the rent and set forth in her answer multiple defenses pursuant to G.L.c. 239, §§2A and 8A, G.L.c. 151B, and G.L.C. 93A. On the date of trial, September 22,2010, the parties filed an agreement that judgment would be entered for Anderson in the amount of *129 $5,888.00, possession of the premises, and reasonable attorney’s fees to be determined by the court.[2]
Subsequent to the parties’ agreement for judgment, Anderson filed a motion for attorney’s fees in the amount of $48,236.30. Queen Annes filed an opposition to the amount of attorney’s fees requested. Anderson then filed an affidavit in support of the requested attorney’s fees. Queen Annes responded with a motion to strike the affidavit of Anderson’s counsel.[3] On October 13, 2010, argument was heard on the motion for attorney’s fees. On October 20, 2010, the trial court awarded $31,810.00 in attorney’s fees, and judgment was entered for Anderson.
Nine days later, on October 29, 2010, Queen Annes filed both a notice of appeal and a motion for reconsideration. Attached to the motion was a detailed 61-page memorandum that analyzed each of Anderson’s attorney’s time entries in his fees affidavit. In response to the 61-page submission, Anderson filed a cross motion for reconsideration and a motion for a supplemental award of attorney’s fees for time spent responding to Queen Annes’ reconsideration motion. On November 24, 2010, the trial court denied the reconsideration motion,[4] concluding that the newly submitted 61-page memorandum dissecting Anderson’s claimed attorney’s fees should have been submitted at the initial hearing. The court also denied Anderson’s request for additional attorney’s fees. However, on January 6, 2010, the court filed a supplemental memorandum amending its decision of November 24, 2010 on the ground that it was subsequently made aware of the additional time expended by Anderson’s attorney on Queen Annes’ reconsideration motion and memorandum. The court amended the judgment, therefore, to include an additional $3,200.00 in legal fees to Anderson for that time spent.
In cases where a statute provides for the recovery of legal fees, the Supreme Judicial Court has indicated that the “basic measure” of a reasonable statutory attorney’s fee award is the lodestar method, which involves “multiplying the number of hours reasonably spent on the case times a reasonable hourly rate.” Fontaine v. Ebtec Corp., 415 Mass. 309, 324 (1993). ‘The lodestar method should govern in such cases ‘unless there are special reasons to depart from [it].”’ Siegel v. Berkshire Life Ins. Co., 64 Mass. App. Ct. 698, 706 (2005), quoting Fontaine, supra at 325. The *130 essence of the analysis is the multiplication of the number of hours reasonably expended on the litigation by a reasonable hourly rate.
In making the calculation, the court should consider the time counsel spent on the case exclusive of hours that are excessive, redundant, duplica-tive, or unproductive. The rate applied to the reasonable hours expended should be the prevailing rate in the community, taking into account the experience and qualifications of the attorneys involved. The fee applicant bears the burden of documenting in detail the hours expended and of establishing the market rate. After making its initial calculation, the court then may adjust the fee upward or downward based on other considerations, including the results obtained.
T&D Video, Inc. v. City of Revere, 66 Mass. App. Ct. 461, 476-477 (2006), S.C., 450 Mass. 107 (2007). See McCarthy v. Quirk Nissan, Inc., 2009 Mass. App. Div. 159, 162-163.
When a fee request appears on its face to be dramatically disproportionate to the results the litigation produced, “the judge must focus with precision on the relationship between ‘the time invested and the results achieved in order to insure that the time spent was [not] wholly disproportionate to the interests at stake.’” Board of Trustees of the Sea Grass Village Condominium v. Bergquist, 2009 Mass. App. Div. 132, 133, quoting Killeen v. Westban Hotel Venture, L.P., 69 Mass. App. Ct. 784, 796 (2007).[5]
In this case, there is nothing in the evidence to suggest that the trial court did not use a lodestar analysis, that its findings are inconsistent with such an analysis, or otherwise amount to an abuse of discretion. The court’s decision correctly references the “lodestar method” as the appropriate method of calculation, indicates that it “reviewed counsel’s detailed accounting of billing,” and indicates how it arrived at the hourly rate. Further, there is no basis in the record for any conclusion that the court acted beyond its authority, or that the award is punitive in nature or dispropor *131 tionate. The amount of attorney’s fees assessed by the court was approximately $17,000.00 less than the amount sought by Anderson’s attorney. Nor would it be correct to conclude that because the case was disposed of by an agreement for judgment, the attorney’s fees should have been less. It is essential to note that the case was not settled until the day of trial after all the preparation had been completed.[6] Prior to that point, Queen Annes had filed a summary process complaint seeking both to evict Anderson and to collect from her what it alleged was $2,140.00 in unpaid rent. But by the time of case settlement, Anderson had brought Queen Annes to the point at which Queen Annes agreed that Anderson would retain possession of the property, that Anderson did not owe any back rent, and that Queen Annes would pay an amount more than twice the damages originally sought by Queen Annes.
The trial court’s award of attorney’s fees to the defendant is affirmed.
So ordered.

 The agreement for judgment provided for the award of costs to Anderson, “including reasonable attorney’s fees pursuant to G.L.C. 93A and G.L.c. 186, §14 to be determined by the Court upon Motion by the Defendant.”

 The tennis match of filing and reply, filing and reply, is reflected throughout the docket and the 447 pages of filings regarding attorney’s fees. In contrast, Queen Annes’ complaint, Anderson’s answer, and the parties’ agreement for judgment consisted of five pages.

 There was no abuse of discretion in the denial of Queen Annes’ reconsideration motion, which failed to present any new evidence or information not available to Queen Annes at the time of the initial assessment hearing. Floyd v. Owens, 2009 Mass. App. Div. 219, 223, citing Harmon Plumbing, Inc. v. Jacobs, 1994 Mass. App. Div. 89, 90 and Peterson v. Hopson, 306 Mass. 597, 599 (1940) (“When there has been no change of circumstances and no new evidence, a court is not required even to entertain, much less hold a hearing, on a reconsideration motion.”).

 In arguing that the attorney’s fees awarded by the trial court here were “disproportionate,” Queen Annes urges that both the trial judge in this case and appellate courts are familiar with Anderson’s attorney’s customarily expansive and excessive claims for attorney’s fees. Queen Annes references, for example, Moore Real Estate Trust v. Din-Dayal, in which Anderson’s attorney sought legal fees in the amount of $208,035.74 for 550 hours of claimed work on a summary process appeal. The Appellate Division, Northern District awarded only $29,500.00, concluding in a summary decision (No. 9962, issued Dec. 19, 2006) that Anderson’s attorney’s billings were blatant overkill, and patently excessive and unreasonable. Queen Annes also points to Stowe v. Bologna, 417 Mass. 199 (1994), in which the Court rejected Anderson’s attorney’s bill for $81,332.75 and awarded him only $30,000.00, determining that the issues on appeal in that case were not sufficiently varied, numerous, complex, or novel to warrant the amount of fees requested. At issue, however, are the attorney’s fees in this case, and there is nothing in the record to suggest that the trial judge did not properly apply the applicable standard to the facts of this case.

 Queen Annes is unpersuasive in its attempt to minimize the significance of this case, the issues raised, and the defense marshaled by Anderson. If, as Queen Annes argues in its brief, it was “undisputed that Anderson failed to tender rent/use and occupation for an extended period of time,” Anderson would have been evicted and adjudged liable for unpaid rent. But Queen Annes itself agreed that Anderson should continue in possession and was entitled to damages. Queen Annes also quotes the Uniform Summary Process Rules references to the need for expeditious and inexpensive proceedings in such “routine matters.” While that established policy is sound, there is nothing routine about a summary process action to an individual defendant faced with eviction and homelessness. To minimize the importance of every eviction case also diminishes the complex factual and legal issues with which courts are faced in handling these matters daily. Volume plus routine do not equal insignificance or even simplicity. Granted, in many summary process cases, the landlord is well within its rights in seeking an expeditious eviction. But that in no way suggests that a tenant’s defense against an eviction should not be vigorous and thorough, and that a prevailing tenant should not be awarded reasonable attorney’s fees for the work required in mounting that defense.